(No. 15296.—Reversed and remanded.)

THE GROVELAND COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LOUIS W. PATTISON, Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*fact that only three commissioners signed award does not show want of jurisdiction.* The mere fact that only three members of the Industrial Commission signed an award is not sufficient to show want of jurisdiction upon the ground that the commission was not legally constituted where there is nothing to show that the commission did not have five members, as section 19 of the Compensation act provides that the decision of a majority of the members shall be considered the decision of the commission.

2. SAME—*when a finding for total incapacity is not warranted.* Where the claimant himself has testified at the hearing before the arbitrator that there was some kind of work which he could do but he had not tried to find it, a finding that he was at that time totally incapacitated is not warranted by the evidence.

3. SAME—*neither courts nor commission may speculate as to length of future period of total incapacity.* Neither the courts nor the Industrial Commission are authorized to speculate as to the probable length of a future period of temporary total incapacity, as that can be determined only when the period ends.

4. SAME—*award for partial incapacity under paragraph (d) of section 8 of Compensation act must be based upon evidence.* An award for partial incapacity under paragraph (d) of section 8 of the Compensation act must be based upon evidence, and where there is no evidence from which a conclusion can be drawn as to whether the injured employee's incapacity is permanent or temporary or as to the extent of his earning capacity after the injury, there is no basis for an award of fifty per cent of the difference between his earning capacity and the average amount he was able to earn before the injury.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

JOHN E. CASSIDY, for plaintiff in error.

KERR, MURPHY & LONDRIGAN, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was allowed for the purpose of reviewing a judgment of the circuit court of Peoria county which confirmed an award of the Industrial Commission.

Louis W. Pattison, while driving a pony in the mine of the Groveland Coal Mining Company on July 17, 1920, was kicked off the car between the car and the wall, his left eye was injured, his ribs were hurt, one of them was broken and his shoulders and back were injured. He returned to work on September 22 and was employed on top, doing anything he was told to do. He had no particular job. He was on top about three weeks. After that he was sent below and put at trapping, at which he worked one day. He did not continue because he was not able. Every time he went to bend over he could not breathe. It hurt him between the shoulders. He has done nothing since. There is no strength in his spine. After he worked in the mine he tried to work on a concrete mixer, but every time he stooped over he had pains, he could not lift any and had to go home. He worked thirty minutes and has tried to do nothing since. This was a week before the hearing before the arbitrator on November 15, 1920. He testified that there was some kind of work he could do if he could get employment, but he had not been around to try to find such work. There was no work where he lived, in Sparland, but there might be in Peoria.

There was no other evidence than that of the claimant. It was agreed that his earnings for the year before the date of the injury were $1248,—$24 a week. The arbitrator

found that the petitioner was entitled to 291⅔ weeks' compensation at $12 a week, as provided in paragraph (*b*) of section 8 of the Workmen's Compensation act, because his injuries caused temporary total incapacity for work, and that $115 had been paid. On petition for review there was no additional evidence before the Industrial Commission, and the commission found on the same evidence that the applicant was temporarily totally incapacitated for work for a period of 63 weeks, and that as a further result of his injuries he was partially incapacitated for work for 353 weeks, and therefore awarded him compensation at the rate of $12 a week for 63 weeks, being the period of temporary total incapacity for work, and further ordered and determined that he should receive from the respondent additional compensation during a further period of 353 weeks at a rate of $6.50 a week, for the reason that the accidental injury resulted in partial incapacity. A writ of *certiorari* was issued out of the circuit court of Peoria county, which confirmed the award in all respects, and a petition for a writ of error by the employer has been allowed.

The award is signed by three commissioners, and the plaintiff in error contends that it appears from the record that there were only three members of the board while the law required that the board should consist of five members; that therefore the board was not legally constituted and had no jurisdiction of the subject matter. Section 13 of the Workmen's Compensation act provides for the creation of a board of five members, and section 19 provides that the decision of a majority of the members shall be considered the decision of the commission. There is nothing to show that there were not five members of the board. It appears from the record that three members joined in the decision, and they being a majority of the commission, were authorized by the statute to act.

The award cannot be sustained. It was rendered on September 28, 1921, 63 weeks after the defendant in error

received his injury.    It makes an award of $12 a week for 63 weeks for temporary total incapacity and a further award of $6.50 a week for the further period of 353 weeks for partial incapacity.    The arbitrator found a temporary total incapacity for work and allowed compensation at the rate of half the claimant's earnings, continuing until the compensation equaled the amount which would have been payable as a death benefit, and the commission on the same evidence found 63 weeks of temporary total incapacity, for which it allowed compensation at $12 a week, and 353 weeks of partial incapacity, which it must have regarded as temporary since the allowance made for it was to terminate at the expiration of a little less than seven years.    There was as much evidence to support the one finding as the other and not enough to sustain either.    The claimant testified that there was some kind of work which he could do but he had not tried to find it.    His incapacity on November 15, 1920, was therefore not total.    There is no evidence from which a conclusion can be drawn as to whether the incapacity under which he labored was permanent or temporary, and if it was temporary, how long it would last.    Neither the commission nor the courts are authorized to speculate as to the probable length of a period of total incapacity.    That can only be determined when the period ends.    (*Stromberg Motor Device Co.* v. *Industrial Com.* 305 Ill. 619.)    Paragraph (*d*) of section 8 provides that for partial incapacity resulting from an accidental injury which prevents an employee from pursuing his usual and customary line of employment he may receive compensation equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount he is earning or is able to earn in some suitable employment after the accident.    An award under this section must be based on evidence as well as under any other section of the Workmen's Compensation act.    (*Union Colliery Co.* v. *Industrial Com.* 299 Ill. 153; *Paradise Coal Co.* v. *Industrial Com.* 301 id.

504; *Mt. Olive and Staunton Coal Co.* v. *Industrial Com.* id. 521; *Springfield District Coal Co.* v. *Industrial Com.* 303 id. 528.) It is impossible to award half the difference between the average amount of earnings before the accident and the average amount which the employee is earning or is able to earn in some suitable employment after the accident without evidence not only of the earnings of the injured employee before the accident but of his capacity to earn after the accident. There is no such evidence in this case. The employee, though able to do some kind of work, has not made an effort to find work, and there is no evidence from which his earning capacity can be determined. The counsel for the defendant in error say that the commission apparently took the fact that the defendant in error had done light work, together with his testimony that there was some work he could do but that he was unable to get any such work in the vicinity of his home at Sparland, as being sufficient to show he was able to earn some money and fixed the value of such services as he could render at $11 per week, making the difference between his weekly wages before the accident and the amount he was able to earn after the accident $13 per week and awarded compensation on the basis of fifty per cent of this amount. This is purely imaginary. There was no evidence from which the commission could draw the conclusion that the difference between the wages which the claimant was earning before the accident and what he was able to earn afterward was $13.

The judgment will be reversed and the cause remanded, with directions to the circuit court to remand the cause to the Industrial Commission for a further hearing.

*Reversed and remanded, with directions.*