THE JEWELL COAL AND MINING COMPANY, Plaintiff in Error, *vs.* INDUSTRIAL COMMISSION *et al.*—(DEWIE LEWIS, Defendant in Error.)

*Opinion filed February 17, 1925.*

WORKMEN'S COMPENSATION—*what must be shown to justify an award for permanent partial incapacity.* To justify an award for permanent partial incapacity the claimant must show, among other things, that his injury will be reasonably certain to leave him permanently partially incapacitated from pursuing his usual and customary line of employment and thereby be reasonably certain to permanently prevent his earning as much as he would have earned had he not been injured.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. GEORGE A. CROW, Judge, presiding.

ANDRUS, TRUTTER & CROW, for plaintiff in error.

JAMES B. LEWIS, and A. W. KERR, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Dewie Lewis, having been injured on May 9, 1921, while in the employ of plaintiff in error as a coal miner, filed an application for adjustment of claim with the Industrial Commission on December 17, 1921. The arbitrator, after hearing the evidence, entered an award for $13 per week for 13-2/7 weeks for temporary total incapacity, (concerning which there was no dispute,) $10.67 per week for 33-5/7 weeks, $9.20 per week for 349 weeks and $6.76 for one week for partial incapacity, which award, upon review, was affirmed by the Industrial Commission. The circuit court, upon *certiorari,* set aside the award of the Industrial Commission and awarded the respondent $13 per week for 13-2/7 weeks for temporary total incapacity

and $6.58 per week for 569-9/10 weeks for partial incapacity, and the record is now before this court for review upon writ of error.

It is claimed by plaintiff in error, and admitted by defendant in error in his brief, that the court erred in allowing compensation for a period of time in excess of eight years, the limit fixed by the statute.

Plaintiff in error contends that defendant in error was entitled to no compensation after January 1, 1922, and that there was no proof of permanent disability. No testimony was introduced on behalf of defendant in error, either before the arbitrator or the commission, except his own. He testified that his back, which had been injured at the time of the accident, still pained him, and that he could not for that reason load as much coal as he could before the accident. Three doctors testified for plaintiff in error that they had examined defendant in error and that they could find no evidence of injury but that he had a congenital malformation in his spinal column which caused some disability. Defendant in error before the accident was employed in the mine as a loader. He returned to work on August 11, 1921, in the same capacity. A statement of his semimonthly earnings from January 1, 1921, to March 31, 1922, was introduced in evidence. This wage statement tends to corroborate defendant in error in his claim that his earning capacity had been reduced, at least temporarily, by the accident. While from his return to work August 11, 1921, until March 31, 1922, he worked every day that the mine was working except four, yet during that time his semimonthly wage was less than for a like period before the accident. The evidence in the record, however, does not show that his partial incapacity is reasonably certain to be permanent. In fact, the wage statement shows that after he returned to work August 11, 1921, his earning capacity gradually increased. Before an award for permanent partial incapacity is justified, the claimant must show, among

other things, that the injury received by him will be reasonably certain to leave him permanently partially incapacitated from pursuing his usual and customary line of employment and thereby be reasonably certain to permanently prevent his earning as much as he would have earned had he not been injured. *Groveland Coal Co.* v. *Industrial Com.* 308 Ill. 499; *Same* v. *Same,* 309 id. 73.

The judgment of the court will be reversed and the cause remanded, with directions to set aside the award and remand the cause to the Industrial Commission for further hearing.        *Reversed and remanded, with directions.*