(No. 16775.—Judgment affirmed.)
THE SUPERIOR COAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(HENRY HENDRAYTIS, Defendant in Error.)

*Opinion filed October 28, 1925.*

. WORKMEN'S COMPENSATION—*when award for partial incapacity will not be reversed.* An award of compensation must be based upon the evidence, but a failure to make a definite finding of the amount an injured employee is able to earn will not cause a reversal of an award for partial incapacity where the award is well within the limits of the testimony, and even though there is some conflict in the proof as to whether the claimant is entitled to an award for partial disability after the period of total disability has ended, the award will not be reversed unless the reviewing court can say the weight and preponderance of the testimony disproved the claim of the employee.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding.

VAUGHN & NEVINS, for plaintiff in error.

JOSEPH A. LONDRIGAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Henry Hendraytis, an employee in the mine of plaintiff in error, the Superior Coal Company, was injured in an accident in the mine December 27, 1921. He was paid compensation for temporary total disability at $14 a week for sixteen weeks, amounting to $224. On June 12, 1922, he filed his application for adjustment of compensation. We are unable to find the claim in the abstract. It was stipulated by the parties that both were under and subject to the Workmen's Compensation act; that the wages of Hendraytis for the previous year were $2093.95; that he had been paid $224, and that the questions in dispute are, the nature and extent of his injury and disability and the amount of

compensation he was entitled to. A hearing was had before an arbitrator September 13, 1922. The arbitrator made an award, finding that the weekly wages of Hendraytis the previous year were $40.26; that first aid, medical, surgical and hospital services were furnished by the coal company during the period of temporary total disability, which was 27-2/7 weeks; that compensation was awarded for that period at the sum of $14 per week, and a like sum for a period of 26-1/7 weeks for the reason the injury sustained by Hendraytis caused permanent and complete loss of fifteen per cent of the use of the left leg. The arbitrator found $224 had been paid him and the coal company should be credited with that amount. Hendraytis caused the decision of the arbitrator to be reviewed by the Industrial Commission. On that review Dr. Smith and Dr. Walsh, and Hendraytis himself, testified on his behalf. Dr. Deal testified on behalf of the coal company. The Industrial Commission filed a decision and award July 10, 1923. It set aside the award and decision of the arbitrator and found the average weekly wage of Hendraytis for the year preceding the injury was $40.26; that he was temporarily totally incapacitated 27-2/7 weeks; that as a further result of the injury, after the expiration of said period he was partially incapacitated from pursuing his usual employment for a period of 241 weeks, and that fifty per cent of the difference between the average amount which he earned before the injury and the average amount he is able to earn during the period of partial incapacity is the sum of $14 per week. He was therefore awarded $14 per week for 27-2/7 weeks for temporary total incapacity, $14 per week for 240 weeks and $8 per week for one week as compensation for partial incapacity from pursuing his customary line of employment. The coal company was given credit for the compensation paid. On writ of *certiorari* sued out of the circuit court by the coal company the circuit court set aside the decision of the Industrial Commission and remanded the cause to

the commission for further proceedings, evidence and decision. The cause was again heard before the commission, in which the witnesses testifying for Hendraytis were himself and Dr. Walsh. Dr. Herndon testified on behalf of the coal company. In July, 1924, the Industrial Commission filed its decision and award, finding Hendraytis was temporarily totally incapacitated 27-2/7 weeks; that at the expiration of that period he became permanently partially incapacitated and entitled to compensation at the rate of $8.59 per week under the provisions of paragraph (*d*) of section 8 of the Workmen's Compensation act, and he was awarded $14 per week for 27-2/7 weeks for temporary total incapacity and $8.59 per week for 389 weeks as compensation for permanent partial disability. The decision of the Industrial Commission was approved and the award confirmed by the circuit court, and a writ of error was granted by this court.

Since the only controversy involved for decision is whether the evidence showed the injury to Hendraytis was such as to justify the award, we have read from the abstract the testimony at the hearing before the arbitrator and at both hearings before the Industrial Commission. The testimony of the claimant and of the doctors who testified in his behalf tends to support his claim that he suffered a fracture of both bones of the left ankle and of the transverse processes of one or more of the lumbar vertebræ. There is no question that for a short time he was totally disabled. Neither can it reasonably be denied that he was partially disabled for a time after the total disability ended. Only medical witnesses testified on behalf of plaintiff in error. They testified that from their examination of claimant, and of X-ray pictures made of him to assist in the examination, they believed him normal and able to work. There were evidences of a former injury to or fracture of the bones of the ankle, but such had entirely healed. It was also possible there had been a fracture of the transverse

processes of three lower lumbar vertebræ, but they were in perfect apposition now and no evidence of deformity. There is a displaced piece of bone on the right side between the transverse processes of the fourth and fifth lumbar vertebræ. Part of the process is completely detached. That might cause pain in movement of the back. The separation is permanent.

The award, based on paragraph (*d*) of section 8 of the Compensation act, was for $14 per week for 27-2/7 weeks, which was found to be the period of temporary total disability. The Industrial Commission further found that following the end of the period of total disability the claimant was partially incapacitated for work for a period of 389 weeks, and it awarded him $8.59 per week for that period. The award must be based upon evidence. (*Groveland Coal Co.* v. *Industrial Com.* 308 Ill. 499, and 309 id. 73; *Old Ben Coal Corp.* v. *Industrial Com.* 296 id. 229.) Hendraytis had never returned to work after his injury, and his testimony and that of his medical witnesses tended to prove that he was unable to work at his former employment. His injury resulted from a fall of slate and coal on him while he was working in the mine and he had to be carried out on a stretcher. He claimed the injury was to his left leg and back. He had been in one hospital four weeks and in another six weeks. When he became able to get around he did so with the aid of crutches for a considerable time. Then he walked with a cane and has continued to do so to the present time. He testified he thought he might be able to do trapping, or some light kind of work where he would not be required to lift or stand on his feet, and the medical testimony in his behalf tended to corroborate him. A failure to make a definite finding of the amount an injured employee is able to earn will not cause a reversal where the award is well within the limits of the testimony. (*Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61; *Equitable Coal Co.* v. *Industrial Com.* 313 id. 300; *Solar-Sturges*

*Manf. Co.* v. *Industrial Com.* 315 id. 352.) The award is well within the limits of the proof if claimant was entitled to an award for partial disability after the period of total disability had ended. The proof to sustain the award on that ground was in some conflict, but a reviewing court can not say the weight and preponderance of the testimony disproved the claim of the employee.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*