MONTANGE, Respondent, v. C. A. WAGNER CONSTRUCTION CO., et al, Appellants.

(278 N. W. 176.)

(File No. 8083. Opinion filed February 25, 1938.)

*Van Slyke & Agor,* of Aberdeen, for Appellants.

*D. M. Joyce,* of Aberdeen (*W. F. Bruell,* of Redfield, of counsel), for Respondent.

POLLEY, J. This case was initiated before the industrial commissioner to recover for an injury alleged to have been sustained by plaintiff while in the employment of the Wagner Construction Company, one of the defendants. A hearing was had before the industrial commissioner. At the close of the hearing the commissioner made and entered findings of fact and conclusions of law as follows:

"The court finds from the evidence that plaintiff and employee, Robert Montange, while in the employ of the C. A. Wag-

ner Construction Company, employer, did voluntarily become intoxicated through the excessive use of intoxicating liquors, while upon a highway operating a truck; that he did, on or about August 13, 1934, permit the truck which he was driving to be overturned in a ditch by the side of the highway in the north part of Brown County, South Dakota, due entirely to the intoxicated condition in which the claimant placed himself voluntarily, whereby he was incapable of and incompetent to drive such truck.

"The court further finds from the evidence that the said plaintiff employee was not injured in any respect or in any manner under which he might recover compensation under the Workmen's Compensation Act, and that he received no permanent or substantial injury of any kind or character whereby he was prevented from carrying on his usual work.

"The court finds as a conclusion of law, that the plaintiff employee was under the influence of liquor and was intoxicated at the time of the alleged injuries, to such extent that he was incapable of operating a truck which he was attempting to do, and by reason thereof, he is not entitled to compensation under the Workmen's Compensation Act.

"That the plaintiff and employee received no injury as a result of said accident for which he could be compensated under the Workmen's Compensation Act of this state."

And upon such findings of fact and conclusions of law made and entered the following judgment:

"From the foregoing findings of fact and conclusions of law the Industrial Commissioner entered the following judgment on June 19, 1936:

" 'It is, therefore, ordered and adjudged that the plaintiff and employee have and recover no sum whatever from the defendants for the following reasons:

" '1. That the said plaintiff and employee received no injuries, as alleged in his claim herein, for which he could be compensated under the Workmen's Compensation Law.

" '2. That said plaintiff and employee was, at the time of the alleged injuries, in an intoxicated condition, due to excessive use

of intoxicating liquors whereby he was rendered incapable of performing his work and whereby he did, while in such intoxicated condition, overturn the truck which he was operating, solely by reason of his own acts'."

Thereafter, the commissioner entered an order denying the plaintiff's application for a review of the case, and from this order plaintiff took an appeal to the circuit court of Brown county. Upon this appeal the circuit court, upon the transcript of the testimony taken by the commissioner, made findings of fact and conclusions of law favorable to the plaintiff, and entered judgment awarding to plaintiff damages, in a very substantial amount. From this judgment, the defendants appeal to this court.

It is contended by appellant that in the making of findings of fact, conclusions of law, and entering judgment the circuit court exceeded its jurisdiction; appellant contending that the jurisdiction of the circuit court extended only to an affirmance of the judgment of the commissioner, if the same was supported by any reasonable, credible, and substantial evidence; or in case he found that the judgment was not supported by any reasonable, credible, or substantial evidence, to either reverse the judgment and dismiss the action or to remand the same to the commissioner for a new trial or such other proceedings as might be proper in the case. This we believe to be the correct rule. Monark Battery Co. v. Industrial Commission, 354 Ill. 494, 188 N. E. 413; Allen Son & Co. v. Industrial Commission, 349 Ill. 71, 181 N. E. 625; Cook County v. Industrial Commission, 327 Ill. 79, 158 N. E. 405; Superior Coal Co. v. Industrial Commission, 318 Ill. 328, 149 N. E. 264.

It will be noted that the commissioner found against the plaintiff on two separate grounds: First, that plaintiff was voluntarily intoxicated at the time of the injury complained of; and second, that he was not injured in any respect or manner that entitled him to compensation under the Workmen's Compensation Act. Rev. Code 1919, § 9436 et seq., as amended. Upon this latter question there was testimony which, if believed, by the commissioner would have entitled plaintiff to an award, but the commissioner was of the view that the evidence was not sufficient to warrant a recovery and his finding thereon is final.

52

■ The plaintiff contends that the finding that the plaintiff was intoxicated is not supported by the evidence and furthermore that intoxication was not a sufficient reason for denying an award, unless such intoxication is "willful" as used in section 9442, Code 1919, as amended by Laws 1921, c. 421. Conceding that "willful" as used in section 9442 means something more than "voluntary" as found by the commissioner, we are still of the opinion that plaintiff's exception is not well taken. Section 9442, so far as involved in this case, reads as follows: "No compensation shall be allowed for any injury or death due to the employe's wilful misconduct, including intentional self-inflicted injury, intoxication, or wilful failure or refusal to use a safety appliance * * * or to perform a duty required by statute."

It is the contention of plaintiff that intoxication in order to defeat a recovery must be willful. In support of this contention appellant cites and relies upon State ex. rel. Barker et al. v. Meek, 148 Iowa 671, 127 N. W. 1023, 31 L. R. A., N. S., 566, Ann. Cas. 1912C, 1075. The court in that case considered the meaning of the word "willful" at great length, and collected and reviewed many cases on the subject, but what is said in the opinion in that case is not applicable to our statute. We do not believe that the word "intoxication" where used in section 9442 is modified by the word "willful." It will be noted that "willful" is first applied to "misconduct," "including intentional self-inflicted injury." The use of the word "including" indicates the intent that "willful" shall modify the clause "intentional self-inflicted injury." And no doubt it would modify intoxication also were it not for the use of the word "willful" again preceding the words "failure or refusal to use a safety appliance * * * or to perform a duty required by statute." If it were intended that "willful" should modify "intoxication," then the use of the word "willful" the second time would be wholly superfluous. We believe the word "intoxication" should be excepted from the other words in the series that are modified by "willful," where first used in section 9442.

■ As to whether the plaintiff was intoxicated, the evidence shows that just prior to the accident the plaintiff with a number of other truck drivers stopped for lunch in a restaurant in the town of Houghton; that while in the restaurant intoxicating liquor was

used. Plaintiff admitted that he took two drinks of moonshine whisky and other witnesses testified that he took as many as three or four drinks and one witness put it as high as six. This evidence, together with the undisputed evidence of his conduct from the time they left the restaurant to the time that plaintiff had the accident (about half to three-quarters of an hour), is sufficient to sustain the findings of the commissioner that he was voluntarily intoxicated at the time plaintiff ran his truck into the ditch and received the alleged injuries for which he is seeking recovery.

We believe the findings and judgment of the industrial commissioner were fully sustained by the evidence and that the circuit court should have affirmed the judgment and dismissed the case.

The judgment appealed from is reversed and the cause is remanded to the circuit court with directions to dismiss the case.

All the Judges concur.