CHITTENDEN, Respondent, v. JARVIS, et al, Appellants

(297 N. W. 787.)

(File No. 8372.  Opinion filed April 29, 1941.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**T. R. Johnson,** of Sioux Falls, for Respondent.

ROBERTS, J. June 29, 1938, plaintiff suffered an accidental injury arising out of and in the course of his employment. June 30, 1938, an agreement was entered into between plaintiff and defendant employers and their insurer that plaintiff be paid $12.69 per week "until terminated in accordance with the provisions of the Workmen's Compensation Law." This agreement was approved by the Industrial Commissioner and in accordance therewith the sum of $50.76 was paid to plaintiff. October 3, 1938, plaintiff signed a final receipt and release. February 15, 1939, plaintiff filed with the Industrial Commissioner a petition in which it was alleged that at the time the release was signed by him the insurer informed him that additional compensation would be subsequently awarded to petitioner; that the agreement did not include compensation for permanent partial disability; and that petitioner relied upon the statements of the insurer in signing the release.

March 8, 1939, a hearing was had before the Deputy Commissioner who found that plaintiff "signed such purported instrument, but in so doing did not knowingly execute it for a consideration that was considerably less than the compensation to which he was lawfully entitled under the provisions of the law; that the claimant received an inadequate consideration when he signed such instrument and it was executed under a mistake of law." The Deputy Commissioner further found that plaintiff was entitled to

receive compensation at the rate of $12.69 a week for temporary disability from June 29, 1938, to October 3, 1938, and the same weekly allowance for a period of 75 weeks commencing on October 3, 1938, for partial permanent disability to plaintiff's left hand. February 21, 1939, the award of the Deputy Commissioner was on appeal affirmed by the Circuit Court. Defendants appeal, claiming that the Deputy Commissioner did not have jurisdiction to set aside the release and that the award is not supported by the evidence.

■ The Workmen's Compensation Law, SDC 64.0509, provides: "If the employer and employee reach an agreement in regard to the compensation under this title, a memorandum thereof shall be filed with the Commissioner by the employer or employee, and unless the Commissioner shall, within twenty days, notify the employer and employee of his disapproval of the agreement by registered letter sent to their addresses as given in the memorandum filed, the agreement shall stand as approved and be enforcible for all purposes under the provisions of this title." Under SDC 64.0603, if the employer and injured employee fail to reach an agreement, either party may request a hearing, and under SDC 64.0608, the Circuit Court without suit may enter judgment based upon a memorandum of agreement approved by the Industrial Commissioner. While the Workmen's Compensation Law permits agreements between an employer and an injured employee as to compensation for accidental injuries, yet such an agreement is under the supervisory power of the Commissioner and has no binding force or effect when made without the scope of the statute. This clearly appears from the provisions of SDC 64.0302 which provides that "no contract or agreement * * * shall in any manner operate to relieve any employer in whole or in part of any obligation created by" the statute except as therein provided. An agreement as to compensation to be paid under the statute, filed with the .Commissioner and approved as defined by the statute, is a substitute for, and has the force and effect of, an ordinary award. Bailey v. Hess, 55 S. D. 602, 227 N. W. 69. The final receipt and release in the instant proceeding was filed with the Commis-

sioner, and since the compensation agreed upon was not disapproved by the Commissioner the agreement stands as approved.

Plaintiff contends that the Commissioner is empowered to review an award whether based on an adjudication or an agreement and to award such compensation as the equities of the case may require. The case of Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965, is cited in support of this contention. The agreement for release in that case was not shown to have been filed with the Industrial Commissioner. The statute intends that such agreement be filed and that it shall not become binding upon the parties and have the effect of an award until the Commissioner has approved or until the expiration of twenty days during which time the Commissioner has not disapproved the agreement. It was held that the injured employee was not required to establish the fact that the agreement was entered into by reason of fraud or misrepresentation; that the Commissioner could proceed to review the matter as if there had been no agreement. But with reference to an approved agreement, it is stated that equitable grounds for setting it aside must be established before the case be reopened in a proceeding before the Commissioner, but this statement was not applicable to the particular facts of the case and lacks the force of an adjudication.

The question is not whether the Commissioner may be vested with power to set aside a prior award on equitable grounds, but relates to the authority of the Commissioner under existing statutes.

█ Proceedings under the Workmen's Compensation Law, SDC 64.0101 et seq., are purely statutory, and the rights of the parties and the manner of procedure under the law must be determined by its provisions. Wieber v. England, 52 S. D. 72, 216 N. W. 850. The Supreme Judicial Court of Massachusetts in discussing the Workmen's Compensation Act of that state said: "That board is a purely administrative tribunal created to administer the Workmen's Compensation Act with the aid of the superior court; it possesses only the powers conferred upon it by express

grant or necessary implication. Levangie's Case, 228 Mass. 213, 216, 217, 117 N. E. 200. When an instrument of the finality of a memorandum of agreement has been approved by the board and has been acted upon, it has passed beyond the control of the board so far as concerns inquiry as to its validity." Perkins' Case, 278 Mass. 294, 180 N. E. 142, 144.

SDC 64.0609 contains the only provisions expressly conferring jurisdiction on the Commissioner to modify or change an award. This section reads: "Any payment to be made under this title may be reviewed by the Commissioner at the request of the employer or of the employee and on such review it may be ended, diminished, or increased subject to the maximum or minimum amounts provided for in this title, if the Commissioner finds the condition of the employee warrants such action."

■■ This statute does not confer a jurisdiction on the Commissioner to reopen and review an award on the same or substantially the same facts as those appearing on the original hearing or to correct errors made in fixing the amount of the original award. It has reference to conditions different from that when the award was made; the modification is dependent upon a change in the condition of the employee since the last award. Estate of Beckwith v. Spooner, 183 Mich. 323, 149 N. W. 971, Ann. Cas. 1916E, 886; Bell v. State Compensation Commissioner, 113 W. Va. 571, 169 S. E. 162; Industrial Commission v. Monroe, 27 Ohio App. 169, 161 N. E. 31; Salt Lake City v. Industrial Commission, 61 Utah 514, 215 P. 1047; Stice v. Consolidated Indiana Coal Co., Iowa, 291 N. W. 452; Hanson v. North Dakota Workmen's Compensation Bureau, 63 N. D. 479, 248 N. W. 680. This statute provides that "any payment to be made * * * may be reviewed by the Commissioner." It contemplates the existence of continuing payments. An award based either on an adjudication or an agreement, which has been satisfied by payment, cannot thereafter be reopened and reviewed because of change of condition.

■■ The Michigan statute provides that on review an award "may be ended, diminished or increased * * * if'

the board or member or deputy member finds that the facts warrant such action." Comp. Laws 1929, § 8453. In construing this statute, the court in Peet v. City Bakery Co., 238 Mich. 431, 213 N. W. 692, said: "If there is no substantial change in plaintiff's condition, then under the decisions of this court, the commission was without jurisdiction to reopen the previous award." In Southern Surety Co. v. Curtis, 240 Mich. 566, 215 N. W. 701, the court held that where an injured employee was induced by fraud to make a settlement, the remedy was not under the Workmen's Compensation Law, but a bill in equity. See, also, Panozzo v. Ford Motor Co., 255 Mich. 149, 237 N. W. 369; Hughson v. City of Kalamazoo, 271 Mich. 36, 260 N. W. 111; Roe v. Daily Record, 273 Mich. 5, 262 N. W. 330; Fawcett v. Department of Labor and Industry, 282 Mich. 489, 276 N. W. 528. Cases in Indiana are not in accord with this view. In re Stone, 66 Ind. App. 38, 117 N. E. 669; Frankfort General Ins. Co. v. Conduitt, 74 Ind. App. 584, 127 N. E. 212; Aetna Life Ins. Co. v. Shiveley, 75 Ind. App. 620, 121 N. E. 50, 54. In the case last cited, the court said: "When the board's approval has been procured by fraud, or is the result of mistake or the like, and where as a consequence the agreement and its approval have no just foundation upon which to stand, it seems to us apparent that in any pending proceeding, the board, as an incidental power, has a right to determine such fact, and, if found to exist, annul the order approving the agreement." This view was reiterated in Homan v. Belleville Lumber & Supply Co., 104 Ind. App. 96, 8 N. E. 2d 127, but two dissenting judges expressed the opinion that the power to vacate an order based on fraud or mistake was not an incident to the power to make an award. An implied power rests on necessity, finds justification in an express power and "functions as an essential aid in the fulfillment of the purpose to which its parent power is directed." South Dakota Employers Protective Association v. Poage, 65 S. D. 198, 272 N. W. 806, 809. Relief from fraud or mistake is obtainable in equity, and it cannot be said that "jurisdiction in the Commissioner to vacate an award based on an agreement procured because of

fraud or mistake is essential to the fulfillment of the purpose of the Workmen's Compensation Law.

See, also, 71 C. J. 945, § 701; Bartlett Hayward Co. v. Industrial Acc. Commission, 203 Cal. 522, 265 P. 195; Continental Casualty Co. v. Industrial Commission, 61 Utah 16, 210 P. 127; Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S. W.2d 1081; Id., 126 Tex. 497, 89 S. W.2d 1116; Doyle v. Dugan, Iowa, 295 N. W. 128; Kelley v. Howard, 233 Mo. App. 474, 123 S. W.2d 584.

If the application for review and additional compensation be construed to include the ground of change of condition, the agreement, being equivalent to a final award, and payment preclude a reopening and review by the Industrial Commissioner. The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

All the Judges concur.