SALMON, Cross Appellant, v. DENHART ELEVATORS, et al, Appellants

(30 N. W.2d 644.)

Rehearing Granted Apr. 28, 1948.
(Files Nos. 8944 and 8963. Opinion filed January 30, 1948.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**Royhl & Longstaff,** of Huron, for Cross-Appellant.

SICKEL, J. This is a proceeding brought for the recovery of workmen's compensation. Leo P. Salmon is the employee, Denhart Elevators is the employer, and South Dakota Employers Protective Association is the insurer. The employee injured his left knee in the course of his employment on July 21, 1941. About ten days after the injury he was sent by the insurer to Doctor Shirley for medical treatment, and remained under the Doctor's care until he was discharged as cured October 20, 1941. Sometime after that date the employee, employer and the insurer entered into an agreement as to compensation, which agreement provided that the employee should receive compensation at the rate of $9.51 per week, based upon an average annual wage of $900, beginning September 19, 1941, and continuing until terminated in accordance with the Workmen's compensation Law. This agreement was filed with the Industrial Commissioner January 7, 1942 and was approved by him on January 15, 1942. The employee also

signed a final receipt and release on November 26, 1941 for the sum of $41.20 previously paid, but this instrument was set aside by the circuit court in a separate action, on the ground of mistake. On September 26, 1945 the employee petitioned the Industrial Commissioner for a review of payments to be made to him under the Workmen's Compensation Law. The petition was heard pursuant to notice on February 15, 1946. The Industrial Commissioner increased the payments for total incapacity, made an allowance for partial and permanent loss of the use of the injured leg, and awarded additional sums for medical and surgical services and hospital services.

Petition for the review of the decision of the Commissioner was filed and denied. Then the employer and insurer appealed to the circuit court. The circuit court reduced the award for temporary incapacity, increased the payments for partial and permanent loss of the use of the leg, and approved the awards for medical and surgical services and hospital services. Upon these findings the court made conclusions of law and entered judgment for recovery of compensation and interest $2,434.26, and for medical and surgical services and hospital services $377.50. The employer and insurer appealed from that part of the decision which increased the compensation for temporary incapacity, partial and permanent disability, and from the allowance for medical and surgical services, and the employee appealed from that part of the decision which reduced the compensation for temporary incapacity, and which fixed the weekly compensation at $9.50 per week.

The employee contends that his weekly compensation should have been $13.20, instead of $9.51 as found by the Commissioner and the court. The agreement as to compensation entered into between the employer, insurer and employee determined that the relation of employer and employee existed; that the employee was injured in the course of his employment; that the annual wage was $900 and fixed the weekly compensation at $9.51; that the employee is entitled to receive compensation during the period of total incapacity. Middleton v. City of Watertown, 70

S. D. 158, 16 N. W.2d 39. The agreement was filed and approved by the Industrial Commissioner, and it has the force and effect of an award. Bailey v. Hess, 55 S. D. 602, 227 N. W. 69; Chittenden v. Jarvis, 68 S. D. 5, 297 N. W. 787. The award is a final determination as to all the above matters which are embraced in the agreement, including the weekly compensation, and as to those matters is not subject to review.

■ The Industrial Commissioner found that the employee was totally incapacitated as a result of the injury, from July 21, 1941, and until the date of the hearing February 15, 1946 a period of two hundred thirty-four weeks and three days, and he awarded compensation for that period of time. The circuit court decided that such incapacity did not exist from November 20, 1941 to October 1, 1943, nor after August 1, 1945, and allowed compensation for such incapacity for a period of one hundred twelve weeks and three days. The duration of temporary total incapacity was a matter not ascertainable when the award was made. It was a matter which was dependent upon subsequent conditions and it was therefore reviewable under SDC 64.0609. Vodopich v. Trojan Mining Co., 43, S. D. 540, 180 N. W. 965; Chittenden v. Jarvis, supra; Middleton v. City of Watertown, supra.

■ The employee contends that the evidence of incapacity is sufficient to sustain the finding of the Industrial Commissioner. The rule is that "The sufficiency of the evidence before the industrial commissioner, * * * is not subject to review, by an appellate court, where there is any reasonable or substantial evidence tending to establish the findings of the commission." Day v. Sioux Falls Fruit Co., 43 S. D. 65, 177 N. W. 816, 818; Kammer v. Quiett, 70 S. D. 555, 19 N. W.2d 561. The evidence shows that November 20, 1941 was one month after the employee had been discharged by Doctor Shirley. October 1, 1943 was the time when the employee returned from Washington and again placed himself in the care of physicians. Between those two dates the employee was unable to do much work. He hired men to operate the truck and made about $70 a month in

that way. Then he went to Washington where he spent about five months. While there he made about $1,200, $700 of which came from the rental of his truck and $500 of which came from services which he performed with the assistance of his daughter. From a careful reading of the record on this subject we conclude that the evidence is sufficient to support the decision of the Commissioner allowing compensation for temporary incapacity from November 20, 1941 to October 1, 1943.

■■■ The next question relates to termination of the period of temporary incapacity. The Workmen's Compensation Law provides that the employee "shall receive in addition to compensation during the period of ·temporary total incapacity for work * * * compensation for a further period * * * for the specific loss herein mentioned" including the permanent and complete or partial loss of the use of a leg. SDC 64.0403(4). Under this statute compensation for temporary incapacity continues until terminated under some provision of the law. It is terminated by complete recovery, or when a specific loss becomes ascertainable. Poast v. Omaha Merchant's Express & Transfer Co., 107 Neb. 516, 186 N. W. 540; Addison v. W. E. Wood Co., 207 Mich. 319, 174 N. W. 149, cf. Middleton v. City of Watertown, 70 S. D. 158, 16 N. W.2d 39. Such loss is ascertainable when it becomes apparent that permanent disability has resulted from the injury and that the injured member will get no better or no worse because of the injury. The interval during which compensation is paid for temporary incapacity continues "until the employee is restored so far as the permanent character of his injuries will permit." Knobbe v. Davis, 208 Wis. 185, 242 N. W. 501, 503. When that stage has been reached the right to compensation for temporary incapacity ceases and it is incumbent upon the Industrial Commissioner to fix the extent of permanent disability according to the workmen's compensation statute, provided, of course, that his jurisdiction has been invoked for the purpose of determining this question. An X-ray was made on February 12, 1946, three days before the hearing before the Industrial Commissioner which, according to

Doctor Shirley, showed an area which "is not as well healed and is the spot where future trouble may appear. It is not definitely certain that there is a loose piece of bone in here, but there is suspicion, that is, within the healing process there may be a loose piece of bone that simply may be delaying healing." At the hearing Doctor Shirley further testified that the loss of the use of the leg "is something probably a little more than fifty per cent, if we knew it was going to stay as it is, that's a thing that we fear." According to this evidence the healing period had not terminated before the hearing, and therefore the decision of the Commissioner allowing compensation for temporary incapacity to the date of the hearing was supported by substantial evidence.

 The Industrial Commissioner found that the employee is entitled to compensation for fifty per cent partial permanent loss of the use of his leg and that as a result he is entitled to an award of the weekly compensation for eighty weeks. On appeal the circuit court increased the amount of the partial permanent loss to ninety per cent, and the compensation therefor to one hundred forty-four weeks. This decision of the circuit court is assigned as error by the employer and insurer. SDC 64.0403(8) requires that "All compensation provided for in this section shall be paid in installments." The contract as to compensation establishes weekly intervals for such installments. According to the Industrial Commissioner's award payments for partial permanent disability begin February 15, 1946 and end six years from the date of the accident, SDC 64.0403(7), which is July 21, 1947. The maximum amount of compensation which may be recovered for permanent disability under the facts in this case is, therefore, less than the eighty weeks allowed by the Commissioner.

 On July 21, 1941 when the injury occurred the statute allowed a maximum of $100 for medical and surgical services. This allowance was increased to $200 by Ch. 314, S. L. of 1943. In this instance the Commissioner allowed the sum of $200 for medical and surgical services and this allowance was affirmed by the circuit court. The employer and insurer say that their obligation to pay for such services is limited by the statute which was in effect

when the injury occurred. Rights and obligations of an interested party under the Workmen's Compensation Law become vested at the date of a compensable accident, unless death results. Until such time as an accident occurs the legislature may change the scale of weekly or other benefits, but to make such a change after the accident occurs would impair the obligations of contracts. Warner v. Zaiser, 184 Minn. 598, 239 N. W. 761; Gauthier v. Penobscot Chemical Fiber Co., 120 Me. 73, 113 A. 28. The allowance for medical and surgical services in this case is, therefore, limited to $100 by the provisions of SDC 64.0401, as amended by Ch. 297, S. L. of 1939.

▇▇▇▇▇▇▇ The circuit court made findings of fact and conclusions of law, and entered judgment thereon for the amount which it was found the employee was entitled to recover, and the employer and insurer contend that this procedure was contrary to the statute. SDC 64.0701 provides that "Upon the trial of any such appeal the Court may remand the case to the Industrial Commisioner for such action as the Court in its order may require or may enter judgment for or against any party, which judgment shall have the same force and effect as other judgments of such Court." In reviewing proceedings under this statute the circuit court's jurisdiction is limited to questions of law, including the sufficiency of the evidence to support the findings of the Industrial Commissioner. The circuit court may affirm the decision of the Commissioner, reverse it, or affirm in part and reverse in part. Lang v. Jordan Stone Co., 61 S. D. 330, 249 N. W. 314; Montange v. C. A. Wagner Construction Co., 66 S. D. 48, 278 N. W. 176; Wilhelm v. Narragang-Hart Co., 66 S. D. 155, 279 N. W. 549. Therefore, the judgment of the circuit court is reversed and the cause is remanded to the circuit court with directions to remand the cause to the Industrial Commissioner for further proceedings consistent with the conclusions herein expressed.

No costs to be taxed in this court.

ROBERTS, P.J., and RUDOLPH and SMITH, JJ., concur.

HAYES, J., concurs in the result.