STOWSAND, Appellant v. JACK RABBIT LINES et al., Respondents

(58 N. W.2d 298)

(File No. 9344. Opinion filed April 21, 1953)
Rehearing denied July 14, 1953

**Lacey & Perry,** Sioux Falls, for Appellant.

**Tom Kirby** and **Gene McDonnell,** Sioux Falls, for Respondents.

ROBERTS, P. J.   Claimant while working for the Jack Rabbit Lines suffered an accident arising out of and in the course of her employment.   April 15, 1950, the Deputy Industrial Commissioner made an award finding that "on May 13, 1949 while acting in the course of her employment as bus cleaner * * * claimant slipped and stumbled on a cleaning implement known as a squeegee in such a manner as to fall suddenly forward and against a furnace * * * and to strain and injure her back in such a manner as to cause a protruded intervertebral disc between the vertebrae in the lumbar region of claimant's spine; * * * that commencing with January 2, 1950 said protruded intervertebral disc was in remission and claimant ceased to suffer a condition of compensable injury, but that a substantial possibility of recurrence exists." There was inserted in the award a provision purporting to authorize a review in the event that claimant incurred further disability or medical expenses.   No appeal was taken from the award.

In June, 1951, claimant filed a petition for further compensation alleging that she suffered "a recurrence of complete and total incapacity from working as a result of the injury" for which the award was made.   A hearing was had on the petition on July 3, 1951, testimony was taken and the Deputy Industrial Commissioner found "that the claimant from and after January 2, 1950, has not suffered from a protruding intervertebral disc but rather has suffered from a faulty back structure which takes the form of a pronounced lumbar lordosis".   From judgment of the Circuit Court affirming the award claimant has appealed.

It is claimed that the findings of fact and the award of April 15, 1950, constitute an adjudication binding upon the employer and its insurer on the issues of the origin and nature of the disability resulting from the injury; that the evi-

14

dence here shows a recurrence of the disability greater than that for which claimant has received compensation; and that the decision of the Industrial Commissioner in the proceeding before us is a reversal of the former findings of fact.

■ ■ Claimant refers to SDC 64.0609 which, in substance, provides that the Industrial Commissioner may on application review an award and make another award ending, diminishing or increasing compensation when he "finds the condition of the employee warrants such action." This statute does not provide a method of correcting errors made in fixing the amount of an award, but confers authority upon the Industrial Commissioner to end, diminish or increase the compensation previously awarded, provided there is a change in condition subsequent to the entry of the last award. Chittenden v. Jarvis, 68 S. D. 5, 297 N.W. 787; Middleton v. City of Watertown, 70 S. D. 158, 16 N.W.2d 39; Salmon v. Denhart Elevators, 72 S.D. 110, 30 N.W.2d 644. A compensation award is res judicata as to the condition of the injured employee at the time it is entered, but does not preclude subsequent awards upon a showing that his physical condition has changed. On review of an award the inquiry then is limited as to whether disability resulting from the injury may have increased or diminished beyond what the award contemplated.

■ The award of April 15, 1950, allowed compensation for temporary total disability for the period from June 13, 1949, to January 1, 1950, and was res judicata that claimant ceased to suffer a condition of compensable injury. The question here presented is whether claimant by the evidence submitted on review established as a conclusion of law that there was a subsequent disability connected with and attributable to the accidental injury, and not merely that such evidence would sustain a finding to that effect. We have said on other occasions that it is within the province of the Industrial Commissioner to determine the facts, that we do not weigh the evidence and that findings adverse to a claimant cannot be disturbed on appeal unless the record shows that he established the existence of facts by such a clear preponderance of the evidence that it was unreasonable to find to the contrary.

It appears from the record that Dr. John C. Ivins, Rochester, Minnesota, examined claimant. The parties stipulated that his findings be received in evidence with the same force and effect as if he testified in person. The report of Dr. Ivins dated February 28, 1950, reads in part as follows: "The following information pertains to the examination of your client, Mrs. William C. Stowsand, who reported to the Clinic on February 20, 1950. Her chief complaint was low back pain and pain in the right leg of about nine months' duration. The history revealed a fall while at work in May, 1947, which resulted in back and right leg pain which continued for several weeks. In May, 1949, she suffered another fall which again resulted in pain in the lower part of the back extending into the right thigh and lower leg. This continued to be quite severe for about seven weeks and had been intermittently present since then. * * * On the basis of the history, it was our opinion that Mrs. Stowsand's symptoms were due to protruded intervertebral disc but at the time she was here, she was in remission and her examination was almost entirely negative. Because of this, we advised suitable lumbosacral support, physiotherapy, and other conservative measures. It is very likely that she will have to undergo surgical treatment if her symptoms recur in the future. * * * We found no objective evidence of any weakness of the abdominal muscles nor was there any evidence of skeletal instability. There was no injury to the client's back except that if her symptoms are due to protruded intervertebral disc, as the history would indicate, such disc protrusion might conceivably result from any one of the injuries suffered by her." This report was a part of the record in the previous hearing and evidently the finding thereat that claimant had ceased to suffer a compensable injury was based upon the conclusions of Dr. Ivins.

Dr. Don Herbert Manning, called by plaintiff, testified that in his opinion claimant had a herniated disc between the fourth and fifth lumbar vertebrae, that she was unable to do work that required her to bend over or to do heavy lifting and that he did not believe that it was "a case of the disc receding or going away by itself."

On cross-examination he testified that there are periods when a herniated disc will actively trouble a person and there are periods of remission, that he found no muscle atrophy in the leg and that this is unusual where a person has had a herniated disc for two years. "Q. Have you considered the condition of lumbar lordosis, and if so, what relation would you say it's had to this woman's condition, if any? A. Well, that's her mechanics again. She has a lumbar lordosis; it's there. That merely describes what I have called an increased lumbar curve. That would give her backache."

Dr. Russell E. Greenfield, called by claimant, testified at the hearing in July 1951, that he had examined claimant several times since the first hearing, that claimant could do no lifting or carrying without producing a spinal dislocation and causing the return of the radiated pain in her right leg, that claimant has both an instability of the lower spine and a protruded intervertebral disc, and that in his opinion there was a slight improvement in claimant's condition but that remission and exacerbations were characteristic of low back injury.

Dr. Robert E. Vandemark, called by the employer and insurer, testified that his examinations of claimant reveal lumbar lordosis and that X-rays indicated no evidence of injury to the vertebrae. This witness on cross-examination at the first hearing admitted that the fall may have aggravated the condition of claimant's back.

■ ■ The evidence shows that claimant at the time of the original award was unable to work at her usual employment and was able to do only light work. The testimony on review was substantially to the same effect but this is not decisive. Incapacity may result from a natural cause such as infirmity, disease, or other cause not attributable to the accident itself. In view of the holding of the Industrial Commissioner at the original hearing that claimant "ceased to suffer a condition of compensable injury", the decisive question then was whether there was a recurrence of disability occasioned by the accidental injury. Whether the Industrial Commissioner could have found that there was a recurrence

of disability we need not determine. We hold that the Industrial Commissioner upon consideration of all the evidence before him could reasonably conclude that there was no change of condition due to the accident and that the finding as to claimant's present disability is not as above indicated a reversal of the former finding of fact that she sustained a compensable injury.

The judgment appealed from is therefore affirmed.

All the Judges concur.