■　In the Matter of the Claim of LOUIS DESROSIERS, Respondent, against A. FILKINS, INC., et al., Appellants. AMERICAN EMPLOYERS' INSURANCE COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and insurance carrier from a decision and award of the

Workmen's Compensation Board for permanent partial disability for which two accidents were found equally responsible, the award being apportioned accordingly against the two carriers concerned. Awards were made for disability resulting from the first accident in 1949 and the second in 1951, the later award being against both carriers. The case was closed in 1953 with a finding of no further related disability but was reopened in 1954, following which the decision appealed from was rendered. The doctor who made the medical report in support of the application to reopen had not examined claimant subsequent to the closing of the case. The appellant carrier contends that in the absence of evidence establishing a subsequent change in claimant's condition, the case was improperly reopened. We do not agree. Section 22 of the Workmen's Compensation Law, upon which appellants rely, does not furnish an exclusive basis for action by the board; and in this case the reopening was proper in the exercise of the board's continuing jurisdiction under section 123. Such reopening under that section "in the interest of justice" has long been recognized. (*Matter of Krevac* v. *310 E. 55th St.*, 261 App. Div. 860, affd. 287 N. Y. 621.) Upon this record we are not able to say that the board's action was unwarranted. Appellants rely somewhat on the board's rule 14, but subdivision (e) thereof makes specific reference to applications for reopening "in the interest of justice." Change in condition is, of course, a prerequisite to reopening in certain categories of cases not pertinent here; as, for example, those involving lump-sum adjustments as in *Matter of Primus* v. *Continental Forge & Tool Co.* (7 A D 2d 178), cited by appellants, but this because of a specific statute (Workmen's Compensation Law, § 15, subd. 5-b). In *Primus*, as in the line of cases involving the time limitations or the Special Fund liability provided by section 25-a (cf. *Matter of Norton* v. *New York State Dept. of Public Works*, 1 N Y 2d 844; *Matter of McKenna* v. *Elm Tremont Coal Co.*, 9 A D 2d 458; and see Workmen's Compensation Law, § 25-a, subd. 1), the ground of the application was not, as here, upon nonmedical facts warranting the exercise of discretion in the interests of justice, but upon a change in condition; and thus the inquiry was, not whether a change must be shown, but whether it had been shown. Following the reopening in this case, two physicians testified that claimant's pre-existing osteoarthritis was aggravated by both accidents, with resulting disability. This testimony constituted substantial evidence and appellants' attack upon it goes only to its weight and credibility, which were, of course, for the board. We find unwarranted, also, appellants' contention that they were improperly denied opportunity to produce a medical witness subsequent to the third hearing at which medical proof was presented. At the first such hearing, after one of claimant's experts had testified to the theory of causal relation which the board ultimately adopted, appellants stated that they would produce no witnesses although they then knew that claimant's other medical witness would testify at the next hearing. The latter did, in fact, testify at the next two hearings and it was only at the last hearing and after the conclusion of all the proof that appellants requested delay to permit the production of their witness. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.