140 So.2d 104 (1962)
Carlos A. SANZ, Petitioner,
v.
EDEN ROC HOTEL, and Consolidated Mutual Insurance Company, and Florida Industrial Commission, Respondents.
No. 31101.
Supreme Court of Florida.
April 18, 1962.
*105 Carvajal & Davis, Miami, for petitioner.
Howard N. Pelzner, Miami, for Eden Roc Hotel and Consolidated Mutual Insurance Co.
Burnis T. Coleman and Paul E. Speh, Tallahassee, for Florida Industrial Commission.
DREW, Justice.
Petitioner, a compensation claimant, seeks review by writ of certiorari of an order of the Industrial Commission reversing an award of the deputy for permanent partial disability.
The claim arose out of an industrial accident in which claimant suffered a left inguinal hernia while in the employ of the respondent Eden Roc Hotel. Respondent provided medical treatment, surgical repair, and compensation benefits for six weeks under F.S. Section 440.15(6), F.S.A. A hearing was held before the deputy upon claim for additional benefits, at which the surgeon stated that, as a result of surgery, claimant suffered an involvement of the genital femoral nerve which produced abdominal pain upon torso movement. Medical testimony was that the condition was thought to be permanent, resulting in two to five per cent disability. Claimant testified that his conscientious attempts at various employments were to no avail because of the pain associated with this disability, and no contradictory evidence was introduced.
Upon this evidence the deputy entered a compensation order which found claimant to be suffering from a permanent partial disability of the body as a whole as a result of the surgery performed in the hernia repair, and awarded compensation on the basis of three per cent permanent partial disability together with reimbursement of medical and travel expenses, a witness fee to claimant's physician, and attorney's fees. The deputy ordered payment of compensation but reserved jurisdiction for determination of claimant's wage earning capacity loss, allowing respondent to conduct further medical examination of claimant. Appeal was taken upon the ground, among others, that the deputy erred in awarding permanent partial disability benefits in contravention of Sec. 440.15(6) governing hernias.
The commission, upon appeal, reversed the award of the deputy and dismissed the claim without prejudice to any rights of claimant to "future remedial treatment or other benefits." The commission concluded that the deputy erred in awarding permanent partial disability compensation while reserving jurisdiction for subsequent determination of earning capacity; that the claim for additional medical benefits was premature in the absence of any refusal of same; and further that the evidence would not sustain a finding that the disability was permanent.
We agree with the full commission that the deputy erred in awarding permanent partial disability compensation after stating petitioner had "reached a maximum point of recovery" and at the same time reserving jurisdiction "for the purpose of determining if further surgery will benefit claimant, and if any, for determination of his ultimate wage earning capacity loss." One is permanently partially disabled who has reached his maximum degree of physical recovery from the injury and has been left with some disability with respect to which he cannot reasonably expect any further physical improvement.[1] Ordinarily a person whose condition is remediable is not "permanently disabled" within the meaning of our statute. We have previously defined temporary total disability as "the healing period, or time during which claimant is, by reason of his injury, unable to work, the period during which claimant is unable to work and is totally disabled and recovery is reasonably expected * * *."[2]
The inquiry here was to determine if claimant's admittedly compensable condition *106 was remedial. The fact that the order of the deputy recognized the possibility of reclassification of compensation payments from permanent partial to temporary total leads to but one conclusion, i.e. that the deputy was in error in awarding claimant permanent partial benefits. It is conceivable the claimant could be cured completely by further surgery without subsequent permanent disability. This was properly recognized by the full commission.[3]
The cause should have been remanded by the full commission for correction of the order of the deputy commissioner insofar as awarding permanent partial benefits. Reservation of jurisdiction would then have been permissible as the deputy was required only to pass upon the matured claim for further compensation benefits. In those instances where there is a reservation for future decision of a matter which has not been determined but is postponed for future adjudication, the undetermined matters may be adjudicated at a later time when they have matured as issues to be decided. This is distinguishable from those instances in which an order purporting to reserve jurisdiction over a cause has been entered after determining and adjudicating all matters at issue. In such a case there remains no power in the deputy to relitigate or review the matters already decided by that order.[4]
The full commission has held on several occasions that the deputy has the right to retain jurisdiction for the purpose of determining attorneys' fees after the deputy has been able to determine the extent of compensation that will become payable to the claimant, which is one of the factors taken into consideration in assessing said fees. Roberts v. Lindsey Originals, 1 F.C.R. 271, 272 (1955). Moreover as early as 1941, in Royer v. United States Sugar Corporation, 148 Fla. 537, 4 So.2d 692, we held that hospital and doctor bills were not "compensation" within the Act so as to extend the claimant's time for filing a claim for compensation.
While the act does not specifically allow for reservation of jurisdiction on the part of the deputy per se, blanket authority is given to the commission under § 440.25(1) in the following words:
"* * * the commission shall have full power and authority to hear and determine all questions in respect to such claims."
Other cases before us wherein the deputy has reserved jurisdiction have received favorable consideration. In Tampa Aluminum Products Co. v. Watts, 132 So.2d 414 (Fla. 1961), this Court upheld the system of interim fees in workmen's compensation cases, since other benefits may have to be determined later and additional fees awarded, and in Boden v. City of Hialeah, 132 So.2d 160 (Fla. 1961), the deputy reserved jurisdiction to later determine the question of permanent partial disability and this Court held as against the contention that § 440.28 providing for modification within one year after the entry of the order was the only applicable method which could be used in this instance that in fact § 440.28 was inapplicable since the reservation of jurisdiction on the part of the deputy was for the purpose of determining an issue not then under consideration, i.e., the degree of permanent partial disability. Such issue was not based upon a change in condition or mistake of fact and was not subject to the conditions which would allow § 440.28 to come into play.
Larson, in his work on Workmen's Compensation Law, § 81.52, Reopening Awards (1952) states that if the commission has expressly reserved continuing jurisdiction over an award, it does not achieve finality *107 and is therefore not subject to the limitations on reopening applicable to final awards.
To summarize, on those issues which either have not matured or on those issues which are not subject to modification provided by F.S. § 440.28, F.S.A., the deputy may reserve jurisdiction for later determination. There is no valid reason for the deputy not to have the authority in an otherwise final order to reserve jurisdiction on those issues which have not matured. On the basis of the authority of the Tampa Aluminum Products case this would include attorneys' fees and on the authority of the decision in Boden v. City of Hialeah, this would include permanent partial disability.
This is not to say that the order may not achieve finality in all other respects, for it must. Nor is it intended that this will provide a secondary means of reviewing an otherwise final order, but, to the extent mentioned, reservation of jurisdiction is a perfectly legitimate and logical method for the deputy to administer the provisions of this act. By the very nature of the proceedings, there may be numerous final orders in a workmen's compensation case  not merely one  and far greater harm will result to both the employer and employee by holding that the case must be concluded, in all respects, before a review can be had than in holding that there may be several phases of such a case warranting a final disposition and that review may be had in each such instance.[5] This latter view has been followed ever since the act was passed and there does not seem to have been any material abuses under it. If an abuse should develop in the administration of the act, the courts or the commission have full power to remedy it by decision or rule.
The order of the full commission is accordingly reversed in part and affirmed in part. The cause is remanded to the commission with instructions to quash the deputy's order and to require further proceedings consistent with these views.
It is so ordered.
THOMAS, Acting C.J., and THORNAL, O'CONNELL and HOBSON (Retired), JJ., concur.
NOTES
[1] 99 C.J.S. Workmen's Compensation § 304 (1958).
[2] Concord Realty Corp. v. Romano, 159 Fla. 1, 30 So.2d 495, 496 (1947).
[3] "* * * that there is no showing from this record that claimant's alleged disability, that is, the pain, is or will be permanent."
[4] Trigg v. Industrial Commission, 364 Ill. 581, 5 N.E.2d 394, 108 A.L.R. 153 (1936); 100 C.J.S. Workmen's Compensation § 645 (1958).
[5] For a general discussion of the reviewability of other types of interlocutory orders, see 79 A.L.R.2d, page 1352 (1961).