STENDER, Respondent v. CITY OF MILLER et al., Appellants

(145 N.W.2d 913)

(File No. 10255. Opinion filed October 27, 1966)

**Royhl, Benson & Beach,** Huron, for appellant.

**Heidepriem & Widmayer,** Miller, for respondent.

MUNDT, Circuit Judge.

This is a proceeding instituted under the Workmen's Compensation Law. It is a case of first impression in our state. The facts are not in dispute.

William J. Stender was killed in an automobile accident on May 15, 1963. His death arose out of and in the course of his employment as a policeman in the City of Miller, South Dakota. He left surviving him his widow, Nellie W. Stender, and one son, Willard Stender, over the age of eighteen years, married and emancipated.

The widow, at the time of her husband's death, under the provisions of SDC 1960 Supp. 64.0402(1), was entitled to the maximum death benefit of $9,000.00, payable at the rate of $117.50 per month, commencing on May 15, 1963.

William J. Stender was a war veteran and, after his death, his widow was awarded and was receiving, a widow's pension of $60.00 per month from the Veterans' Administration. Under the Federal Law she was not entitled to such pension if her annual income exceeded $600.00. She, therefore, petitioned the South Dakota Industrial Commission for a lump sum settlement pursuant to SDC 1960 Supp. 64.0510. The employer, City of Miller, South Dakota, and the Wolverine Insurance Company, the insurer, each joined in the petition, waived notice of hearing, and consented that a lump sum award may be entered. On December 5, 1963, the Deputy Industrial Commissioner approved the petition and directed the insurer to make payment forthwith to the widow of an award of $8,201.39 in one lump sum, being the commuted amount of a $9,000.00 award payable on a monthly basis.

On December 7, 1963, the widow died as a result of an automobile accident. No part of the lump sum award had been paid to her. The employer and insurer thereupon filed a petition for review of the decision and award entered on December 5, 1963. It was their contention that by reason of the death of Nellie W. Stender, all reasons for the payment of the lump sum award had ceased to exist. They therefore sought to have the Industrial Commission revoke, rescind and cancel, the lump sum award and enter an award at the rate of $117.50 per month from and after May 15, 1963, the date of the death of William J. Stender, until December 7, 1963, the date of the death of Nellie W. Stender.

A motion to dismiss the petition was filed by Willard Stender, the duly appointed, qualified and acting executor of the Estate of Nellie W. Stender, deceased. The executor contended there was no authority under the statute for a review of a lump sum settlement awarded for an injury which results in death.

On September 21, 1964, the Deputy Industrial Commissioner entered an amended award, modifying and amending the award entered December 5, 1963, wherein the insurer was directed to make payment forthwith of the sum of $8,201.39 in one lump sum, and providing in lieu thereof, that payment of benefits be made to the Estate of Nellie W. Stender, deceased, at the rate of $117.50 per month from May 15, 1963, through December 7, 1963, a period of 29.5 weeks, for a total amount of $866.71, to be paid forthwith by the insurer.

From this amended award the executor of the Estate of Nellie W. Stender, deceased, appealed to the Circuit Court, Ninth Judicial Circuit, Hand County, South Dakota. The circuit court vacated the amended award entered September 21, 1964, dismissed the petition for review and ordered the original award entered December 5, 1963, to be reinstated.

From the judgment of the circuit court vacating the amended award, the employer and insurer have appealed.

The question presented by the appeal is whether the Industrial Commission had any authority to amend the compensation award made and entered December 5, 1963.

Proceedings under our Workmen's Compensation Law are purely statutory. Any authority on the part of the Industrial Commissioner to amend the award must be founded on statutory law. It should be noted that SDC 64.0609 contains the only provisions expressly conferring jurisdiction on the Commissioner to modify or change an award. Chittenden v. Jarvis, 68 S.D. 5, 297 N.W. 787. This statute reads as follows:

"Any payment to be made under this title may be reviewed by the Commissioner at the request of the employer or of the employee and on such review it may be ended, diminished, or increased subject to the maximum or minimum amounts provided for in this title, if the Commissioner finds the condition of the employee warrants such action".

Appellants claim the phrase, "Any payment to be made under this title" refers to the entire Workmen's Compensation

Law, SDC Title 64, and that it does not exclude lump sum payments which have not been paid, any more than any other payments not yet made; that SDC 64.0609 provides that "on such review" (the payment to be made under this title) may be ended, diminished, or increased, if the Commissioner finds the condition of the **employee** warrants such action; and, that SDC 1960 Supp. 64.0102(2) defines "employee" as including as to a deceased employee, his personal representative, dependents, and other persons to whom compensation may be payable. Appellants therefore contend that by inserting the definition of "employee" as found in SDC 1960 Supp. 64.0102(2) into SDC 64.0609, the payment to be made may be reviewed by the Commissioner at the request of the employer, and, on such review, it may be diminished if the Commissioner finds the condition of the deceased employee's dependents warrants such action.

We find no merit in such contention. SDC 64.0609 requires as a condition precedent, a finding by the Commissioner that the condition of the **employee** warrants such action. As pointed out by respondent, the award was made because the employee was deceased. His condition did not change. The statute was designed for situations involving installment payments to injured employees. It contemplates the existence of continuing payments. If, on review, the Commissioner found the employee's condition had improved, the compensation could be diminished or ended. If the employee's condition became worse, compensation could be increased.

Appellants rely on the case of Barwin v. Independent School District of Sioux Falls, 61 S.D. 275, 248 N.W. 257 in support of their contention that the Commissioner had authority to amend the award. While the factual situation is similar, the case is not in point because in that case, the court concluded the award was payable in monthly installments.

A change in condition refers to a condition different from that which existed when the award was made. It must be a material and substantial change. As a general rule, it must be a change in the physical condition of the employee, affecting his earning capacity. 101 C.J.S. Workmen's Compensation,

see § 854(c). In the case of Stowsand v. Jack Rabbit Lines, 75 S.D. 11, 58 N.W.2d 298, this court said:

"A compensation award is res judicata as to the condition of the injured employee at the time it was entered, but does not preclude subsequent awards upon a showing that his physical condition has changed. On review of an award the inquiry then is limited as to whether disability resulting from the injury may have increased or diminished beyond what the award contemplated".

■■ The definition of "employee" in SDC 1960 Supp. 64.0102(2) as including "personal representative, dependents, and other persons to whom compensation may be payable" has no application in this case. The term "employee" as used in SDC 64.0609 is limited to a person in the services of another under a contract of employment.

The petition for review should have been dismissed by the Commissioner. The order appealed from is affirmed.

RENTTO, P. J., and HANSON, BIEGELMEIER and HOMEYER, JJ., concur.

MUNDT, Circuit Judge, sitting for ROBERTS, J., disqualified.