Irene CALL, Employee, Claimant, and Appellee,

v.

**BENEVOLENT AND PROTECTIVE ORDER OF ELKS, Employer, Defendant, and Appellant,**

and

**St. Paul Fire & Marine Insurance Company, Insurer, Defendant, and Appellant.**

No. 13158.

Supreme Court of South Dakota.

Argued Feb. 13, 1981.

Decided June 17, 1981.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for appellee.

Harvey C. Jewett of Siegel, Barnett, Schutz, O'Keefe, Jewett & King, Aberdeen, for appellants.

WOLLMAN, Chief Justice.

Appellants, Benevolent and Protective Order of Elks (employer) and St. Paul Fire & Marine Ins. Co. (insurer), appeal from the order of the circuit court that dismissed their appeal and affirmed the findings and order of the Department of Labor, Division of Labor and Management (department). We affirm.

On August 20, 1976, appellee was injured while working for employer. Accordingly, insurer paid all medical benefits and temporary total disability benefits incurred by appellee through January of 1978, at which time it terminated payment. Appellee filed a petition with the department and requested a hearing, claiming disability and praying that appellants pay medical benefits and disability benefits. After a hearing, the department concluded that appellee had failed to introduce any evidence or proof of either temporary total or permanent total disability and denied appellee's claim with regard to those questions. The department found, however, that appellee suffers from a partial disability of an unknown extent or degree. It then retained jurisdiction with regard to the determination of appropriate compensation for appellee's partial disability until such time as appellee is able to prove the degree of partial disability. The department also ordered appellants to pay appellee's medical bills.

Employer and insurer appealed to the circuit court, which dismissed the appeal and affirmed the findings and order of the department.

The sole issue on appeal is whether the department has the authority to retain continuing jurisdiction over the issue of partial disability.

■ There can be no question that the department has continuing jurisdiction to end, diminish, or increase any payment resulting from the original injury based upon a change of condition occurring since the last award. SDCL 62–7–33; *Middleton v. City of Watertown*, 70 S.D. 158, 16 N.W.2d 39 (1944). This Court has held that absent a change in condition, a final compensation award is res judicata with regard to the condition of the injured employee at the time the award is entered. *Stowsand v. Jack Rabbit Lines*, 75 S.D. 11, 58 N.W.2d 298 (1953).

■ We recognize the importance of providing the parties with a final award or determination. See generally 3 Larson, Workmen's Compensation Law § 81.53 (1976). Nevertheless, adoption of appellants' contention that the department cannot retain continuing jurisdiction would mean that appellee would be deprived of the opportunity to establish the degree of the partial disability the department has found to exist. We conclude that we should adopt the analysis set forth by Professor Larson:

If, either by the form of the Commission's order or by express statutory provision, continuing jurisdiction has been reserved over an award, it does not achieve finality and is therefore not subject to the limitations on reopening applicable to final awards, such as the requirement of showing a change of condition.

3 Larson, supra, at 15–549, 550.

■ In the case at bar, the department did not condition its continuing jurisdiction

on a change of condition, nor did it make any final award or order with regard to the question of partial disability. It is clear that the department attempted to retain continuing jurisdiction over the question of partial disability. Cf. *Williams v. Safeway Stores*, 525 P.2d 1087 (Alaska 1974). Liberally construing the worker's compensation statutes in favor of injured employees, *Moody v. Tyler*, 297 N.W.2d 179 (S.D.1980), we conclude that the department has the authority to retain continuing jurisdiction over an award.* See *Williams v. Safeway Stores*, supra; *Sanz v. Eden Roc Hotel*, 140 So.2d 104 (Fla.1962); *Pratt v. Central Upholstery Co.*, 252 N.C. 716, 115 S.E.2d 27 (1960); *Orth Kleifeker & Wallace v. Scott*, 173 Okl. 448, 49 P.2d 112 (1935). See also *East Coast Freight Lines, Inc. v. Harris*, 37 Md.App. 256, 377 A.2d 530 (1977); *Desrosiers v. A. Filkins, Inc.*, 11 A.D.2d 820, 202 N.Y.S.2d 814 (1960); *Craft v. State Compensation Director*, 149 W.Va. 28, 138 S.E.2d 422 (1964); *American Motors Corp. v. Industrial Commission*, 26 Wis.2d 165, 132 N.W.2d 238 (1965). It is our opinion that the reservation of continuing jurisdiction is a legitimate and logical method for the department to utilize in administering the provisions of the worker's compensation statutes. *Sanz v. Eden Roc Hotel*, supra.

We note, however, that the practice of reserving continuing jurisdiction should be used cautiously and only in exceptional cases. The retention of continuing jurisdiction should not be used to provide a secondary means of reviewing an otherwise final order. *Sanz v. Eden Roc Hotel*, supra. Additionally, the department may retain continuing jurisdiction over one or more specific questions or issues, but should enter a final order in all other respects. There may be numerous final orders in a worker's compensation case. *Sanz v. Eden Roc Hotel*, supra. Here, the department entered a final order denying appellee's claim for tem-

porary total or permanent total disability. Therefore, those issues are res judicata, and that part of the department's order can be modified only upon a showing of change of condition pursuant to SDCL 62–7–33. *Stowsand v. Jack Rabbit Lines*, supra.

The order of the circuit court is affirmed.

All the Justices concur.

---

* We do not find *Stowsand v. Jack Rabbit Lines*, supra, controlling here. In *Stowsand* there was no finding that there was partial disability of an unknown degree. Second, the "provision purporting to authorize a review in the event that claimant incurred further disability or medical expenses" is nothing more than a restatement of the statutory provision permitting a change in payment based upon a change of condition. Third, the award in *Stowsand* was apparently a final order. Therefore, the provision purported to reserve jurisdiction over matters already determined and adjudicated. See *Sanz v. Eden Roc Hotel*, 140 So.2d 104 (Fla.1962).