Keith SCHMIDT, Claimant and Appellee,

v.

EAGLE MATERIALS CO., and Hartford Accident and Indemnity Company, Employer and Insurer Appellants.

No. 13897.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1983.

Decided Aug. 24, 1983.

Richard A. Johnson of Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, for claimant and appellee.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for employer and insurer appellants.

PER CURIAM.

This is an appeal from a judgment that reversed a decision of the Director of the South Dakota Division of Labor and Management and held in favor of Keith Schmidt, claimant in a worker's compensation action, for medical and related expenses. We affirm.

Claimant was injured on October 18, 1972, while in the course and scope of his employment with Eagle Materials Company (employer). Employer had a policy of worker's compensation insurance with Hartford Accident and Indemnity Company (insurer).

On December 18, 1973, claimant and employer and insurer entered into an agreement whereby claimant received $5,556 in a lump sum as compensation for 30% permanent partial disability. The agreement was approved by the Director of the Division of Labor and Management on January 3, 1974. On January 23, 1974, claimant and insurer entered into the following addendum to final receipt and release for compensation paid under South Dakota's Worker's Compensation Law:

> WHEREAS, both parties have been advised by Dr. R.R. GIEBINK that the said KEITH SCHMIDT may have further medical and hospital expense,
>
> IT IS AGREED by and between the undersigned that settlement of the permanent partial disability claim of KEITH SCHMIDT with the HARTFORD INSURANCE GROUP does not relieve the insurance company *of any future claim* by the said KEITH SCHMIDT *for medical and hospital which may hereafter arise* as a direct and proximate result of the injury sustained by the said KEITH SCHMIDT on October 18, 1972, while employed by Eagle Materials.
>
> IT IS FURTHER AGREED that the permanent partial disability and temporary total issue is being settled in any event, whether said disability increases or decreases. (emphasis added)

This addendum apparently was also filed and approved by the Director of the Division of Labor and Management.

Employer and insurer paid all medical expenses incurred prior to October 18, 1978. Employer and insurer contend, however, that SDCL 62–4–9, as it existed on the date of the injury, bars claimant's claim for payment of medical expenses incurred subsequent to October 18, 1978.

In 1972, SDCL 62–4–9 provided:

> In no event, except in cases of death or complete disability as defined in § 62–4–7, shall any payments extend over a period of more than six years from the date of the accident. No limitations provided by this title shall run as against an incompetent employee while without a guardian.

In 1973, SDCL 62–4–9 was amended to specifically exclude payments for medical and hospital expenses from the six-year statute of limitation. 1973 S.D.Sess.Laws ch. 310 § 2. In 1974, SDCL 62–4–9 was repealed. 1974 S.D.Sess.Laws ch. 333 § 7.

Claimant maintains that medical benefits are not subject to the same limitations as compensation for wages lost or disability. *See generally* 2 A. Larson, Workmen's Compensation Law § 611(b) (1981). Claimant also maintains that no six-year limitation should be imposed on his medical benefits since the addendum to final receipt and release does not impose such a limitation on these benefits.

SDCL 62–7–5 provides that an agreement as to compensation which is approved by the Department of Labor is enforceable for all purposes. *See also Chittenden v. Jarvis,*

68 S.D. 5, 297 N.W. 787 (1941). We construe the addendum to the final release and receipt as constituting a waiver by insurer of any time limitation that might otherwise have existed. Accordingly, insurer will not now be heard to claim that SDCL 62–4–9 bars claimant's right to payment of medical expenses incurred after October 18, 1978.

The judgment is affirmed.

FOSHEIM, C.J., deeming himself disqualified, did not participate.