CHIZEK, Respondent, v. STAINOCHER, et al, Appellants.

(244 N. W. 895.)

(File No. 7353. Opinion filed November 1, 1932.)

*Caldwell & Burns,* of Sioux Falls, for Appellants.

*Hanten, Hanten & Henrikson,* of Watertown, for Respondent.

PER CURIAM. Respondent, Chizek, filed a claim for compensation for injury alleged to have resulted from an industrial accident. The claim being disputed, a board of arbitration was waived, and the matter was submitted to the industrial commissioner in lieu of a board of arbitration, pursuant to section 9470, R. C. 1919 (as amended, Laws 1925, c. 304). The commissioner, thus sitting in lieu of a board of arbitration, made findings and conclusions, and entered an order denying compensation on June 30, 1930. No claim for review was filed with the industrial commis-

sioner, pursuant to section 9474, R. C. 1919, but an appeal to the circuit court was attempted directly from the order of June 30th. Findings, conclusions, and judgment of the circuit court were in favor of respondent, Chizek, and appellants undertook to appeal to this court.

On the authority of Murray v. Stokke, 60 S. D. 224, 244 N. W. 265, we must hold that the circuit court acquired no jurisdiction by the attempted appeal, and that the order of June 30, 1930, became final and enforceable in ten days, pursuant to section 9471, R. C. 1919. The point, being jurisdictional, must govern when it comes to our attention, regardless of the fact that it is not urged by the parties.

In Murray v. Stokke, supra, under similar circumstances, and upon application and motion so asking, we dismissed the appeal in this court upon the view that this court could acquire no jurisdiction by appeal from a judgment of the circuit court in a matter wherein the circuit court never acquired jurisdiction. By the appeal under such circumstances the appellate court admittedly and necessarily acquires a jurisdiction sufficient to determine the lack of jurisdiction below. In such a situation we think it is the better practice and leaves a cleaner record (see 3 C. J. p. 366, § 123) for this court to reverse the unauthorized judgment below rather than to dismiss the appeal here. It will therefore be the judgment of this court that the judgment appealed from be reversed and the cause remanded to the circuit court, with directions to dismiss the appeal attempted to be taken from the order of the industrial commissioner of June 30, 1930.

All the Judges concur.