BEADLE COUNTY, Appellant, v. BOARD OF COUNTY COMMISSIONERS, et al, Respondents.

(251 N. W. 816.)

(File No. 7461. Opinion filed December 19, 1933.)

Leo A. Temmey, State's Attorney, and Hagen & Hagen, all of Huron, for Appellant.

M. Q. Sharpe, Attorney General, and Charles P. Warren, Assistant Attorney General, for Respondent.

WARREN, J. This is an appeal from a circuit court judgment affirming the actions of the defendant county board of equalization by the plaintiff Beadle county.

This proceeding was instituted in the circuit court by an appeal from the board of equalization of Beadle county by the state's attorney in the name of the county on the written demand and petition of some 120 taxpayers of Beadle county under the provisions of part 2, § 5886, of the S. D. Revised Code of 1919.

The plaintiff contends that the board of county commissioners,

while acting as a county board of equalization, arbitrarily and without any orderly procedure disregarded the assessments made by the assessors and the equalization made by the several equalization boards of the several taxing districts of Beadle county, and that they had raised the value of certain classes of farm property, and further contends that the said county board was without jurisdiction to raise the total assessed valuation of the property within the said county.

The respondent contends that the circuit court was without jurisdiction to entertain the appeal for the reason that such appeal was not taken in the manner provided by law.

Section 6727, S. D. Revised Code of 1919, contains the statutory provisions authorizing appeals from any action of the board of county commissioners acting as a board of equalization. This section provides, in part, as follows: "Any person feeling aggrieved by the decision of the board of equalization of any county may appeal from such decision to the circuit court of the county in which such decision was made, within the same time and in the same manner and upon the same conditions and terms as other appeals may be taken from decisions of boards of county commissioners; any one or more of such decisions affecting the same person may be included in one appeal, which shall be heard and determined in the same manner as other appeals from the board of county commissioners are heard and determined."

Sections 5886-5890 provide the procedure in other appeals from decisions of the board of county commissioners, and it will be observed that section 5886 provides for two separate and distinct classes of appeals, namely: (1) That any person feeling aggrieved may appeal; (2) that the state's attorney, upon a petition signed by seven or more taxpayers, may appeal when such action relates to the interest or affairs of the county at large or any portion thereof.

The appeal is in the name of the county, and was not taken by a "person * * * aggrieved by the decision of the board of equalization," within the contemplation of section 6727, Rev. Code 1919. A "person aggrieved" may appeal from the decision of a board of equalization in the same manner and upon the same conditions as he would if he were appealing from a decision of the board of county commissioners, but section 6727 makes no provi-

sion for an appeal in the name of the county by the state's attorney upon the demand of taxpayers. The circuit court did not acquire jurisdiction through the attempted appeal by the state's attorney upon the petition of said petitioners.

Other assignments urged by appellants need not be considered.

■ It is quite apparent that the circuit court acquired no jurisdiction by appellants' appeal from the proceedings of the county board. However, by the appeal to this court under the circumstances, the appellate court admittedly and necessarily acquired jurisdiction sufficient to determine the lack of jurisdiction below upon the authority of Chizek v. Stainocher et al, 60 S. D. 502, 244 N. W. 895. It is therefore the judgment of this court that the judgment and order appealed from be reversed and the cause remanded to the circuit court, with directions to dismiss the appeal attempted to be taken from the county board of equalization by the plaintiffs and appellants, and that no costs be taxed.

RUDOLPH, P.J., and ROBERTS and POLLEY, JJ., concur.

CAMPBELL, J. (concurring specially). Section 5886, Rev. Code 1919, provides two different types of appeal from decisions of a board of county commissioners: First, an appeal by a person aggrieved, and, second, an appeal in the public interest by the state's attorney on demand of taxpayers. These two types of appeal came into our law at different times and serve a different purpose, as pointed out in Barnum v. Ewing, 53 S. D. 47, 220 N. W. 135. At the time of the decision in Pierre Water-Works Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733, there was no specific provision for appeal from decisions of the county commissioners sitting as a county board of equalization. The appeal was attempted in that case by an individual aggrieved, and the court held (whether rightly or wrongly we need not now inquire) that a person aggrieved, by a decision of the commissioners sitting as an equalization board, could appeal therefrom under the general statutes permitting appeals by a person aggrieved from decisions of the board of county commissioners. Subsequently, by chapter 124, Laws 1907, which has now become, in substance, section 6727, Rev. Code 1919, the Legislature made specific provision for appeals from county equalization boards or from the decisions of boards of county commissioners sitting as boards of equalization.

I think that statute is exclusive as to appeals to circuit court from boards of county commissioners when sitting as a board of equalization. That statute limits the appeal from decisions of county boards of equalization to "any person feeling aggrieved," and entirely omits to provide an appeal in the public interest by the state's attorney, as is provided generally for decisions of the county commissioners by the second portion of section 5886. I think, therefore, at least since 1907, that "any person aggrieved" by a decision of the county board of equalization may appeal therefrom in the same manner as he would be entitled to appeal from a decision of the board of county commissioners, but that there is no authority for any appeal by the state's attorney on request of taxpayers from a decision of the board of county commissioners when sitting as a county board of equalization.

I believe, therefore, that the present case must be disposed of on the ground that there was no jurisdiction in the circuit court, and I concur in the view that the judgment and order appealed from should be reversed, and the cause remanded, with directions to dismiss.