UNZELMAN, Respondent, v. CITY OF SIOUX FALLS, et al, Appellant.

(272 N. W. 825)

(File No. 8018. Opinion filed April 28, 1937)

*B. O. Stordahl* and *R. C. Riter,* both of Sioux Falls, for Appellant.

*Danforth & Davenport,* of Sioux Falls, for Respondent.

RUDOLPH, P. J. Respondent, Unzelman, asserted a claim under the Workmen's Compensation Laws against the City of Sioux Falls. The appellant, Waggoner, acted as Unzelman's attorney in connection with this claim against the city and was successful in establishing the claim at a hearing before the Industrial Commissioner. Mr. Waggoner then claimed an attorney fee lien against the award of the Industrial Commissioner for 50 per cent. of the amount of the award. The amount of the fee was objected to and an application was made to the Industrial Commissioner to approve and allow the fee under the provisions of section 9477, Rev. Code 1919 (as amended by Laws 1919, c. 364, § 4). After a hearing, the Industrial Commissioner awarded Mr. Waggoner $500 as an attorney fee, which amount was less than one-third of the amount he was claiming. A petition for review was filed and denied, and thereupon Mr. Waggoner attempted an appeal to the circuit court. The circuit court dismissed the appeal upon the ground that the court was without jurisdiction. Mr. Waggoner has now appealed to this court from the order of the circuit court dismissing his appeal.

But one question is presented on this record. That question goes to the propriety of the circuit court dismissing the appeal which was taken from the order of the Industrial Commissioner denying Mr. Waggoner's petition for review of the order fixing the attorney fees. If the order of the circuit court were erroneous, this court should so hold and direct the circuit court to entertain the appeal and decide the issues presented therein. On the other hand, if the circuit court were, as it held, without jurisdiction to consider the appeal, the order of the circuit court should be affirmed. Clearly, the merits of this case are not before us at this time. There is just one question, and that is whether the statutes of this state permit an appeal from an order of the Indus-

trial Commissioner fixing the attorney fees of Mr. Waggoner. The right of appeal in this state is purely statutory. Overton v. City of Sioux Falls, 47 S. D. 135, 196 N. W. 297; National Bank of Commerce v. Jury, 48 S. D. 467, 204 N. W. 945; Downs v. Bruce Independent School District, 52 S. D. 168, 216 N. W. 949; Graff v. Burnside, 57 S. D. 578, 234 N. W. 523. We find nothing in the statutes which confers upon Mr. Waggoner the right to appeal from the decision of the Industrial Commissioner fixing his attorney fees, or from the order of the Industrial Commissioner denying his petition for review. The Industrial Commissioner purported to act under the provisions of section 9477. Section 9489, Rev. Code 1919 (as amended by Laws 1919, c. 363, § 7), relates to appeals from an adverse decision of the Commissioner of Insurance or Industrial Commissioner, and this section grants the right of appeal only to an "employer or employee." Obviously, Mr. Waggoner, so far as the facts here are concerned, is neither an employer or an employee within the meaning of said section 9489. Section 9471 (as amended by Laws 1925, c. 305) relied upon somewhat by appellant, does not relate to appeals, but relates only to filing a claim for review. We find no provision under the Workmen's Compensation Law (article 4, chapter 5, part 19, title 6, Rev. Code 1919 [section 9436 et seq., as amended]) granting to an attorney the right to an appeal from a decision of the Industrial Commissioner fixing the amount of attorney fees.

Appellant argues that the Industrial Commissioner has no constitutional authority to approve or allow attorney fees. That question is not before us at this time. If, as contended by the appellant, the order of the Industrial Commissioner fixing the fees in this case is void, that does not give to appellant the right of appeal which he is here claiming.

The order appealed from is affirmed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, J., not sitting.