Joy J. MEDLEY, Claimant,

v.

SALVATION ARMY, RAPID CITY
CORPS, Employer,

and

Aetna Life & Casualty Company,
Insurer and Appellant,

and

Western Surety Company, Insurer
and Respondent.

No. 11960.

Supreme Court of South Dakota.

June 15, 1978.

William G. Taylor, of Woods, Fuller,
Shultz & Smith, Sioux Falls, for appellant.

Gene McDonnell, Sioux Falls, for respondent.

RAMYNKE, Circuit Judge.

The Salvation Army maintains a division headquarters in Omaha, Nebraska, which supervises the various Salvation Army operations throughout South Dakota, Nebraska, and Iowa. Some time prior to October, 1970, the commanding officer of the Western Division of the Salvation Army contacted Foster-Barker Insurance Agency in Omaha, Nebraska, regarding the proposed purchase of a worker's compensation policy providing coverage for Salvation Army personnel in various locations throughout these states.

The Aetna Life & Casualty Company ultimately issued a policy through the Foster-Barker Insurance Agency for the policy year October, 1970, through October, 1971, providing coverage for all Salvation Army employees in Nebraska and South Dakota. An advance premium was collected in gross when the policy was issued subject to a

premium audit and adjustment of premium at the end of the policy period.

Following the expiration of the 1970–71 policy year, an audit was made by an agent of the company and Captain Caldwell of the Salvation Army in order to determine the exact amount of the premium for that year. In the course of completing the audit, Captain Caldwell of the Salvation Army advised the Aetna agent that the Rapid City area was already covered by a separate policy of insurance with Western Surety Company and no coverage for that area by Aetna was needed. Consequently, there was no charge made for a premium for the Rapid City area.

Another policy was issued by Aetna to the Salvation Army for the year from October, 1971, to October, 1972. This policy provided coverage for South Dakota employees at the following locations: Aberdeen, Huron, Rapid City, Sioux Falls and Watertown. Again at the end of the year an audit was made to determine the actual amount of premium due and owing. In the course of that audit, Major Wier of the Salvation Army Division Headquarters in Omaha advised the Aetna agent that the Salvation Army had worker's compensation insurance coverage with Western Surety Company for the Rapid City area and that they did not intend to pay a premium for coverage they did not desire and had not desired the previous year. Again no premium was charged for the Rapid City location for the 1971–72 policy period.

On June 9, 1972, G. William Medley, an employee of the Salvation Army, was killed in the flood in Rapid City. Western Surety admits coverage of the claim but contends that Aetna Life & Casualty Company also has coverage and should contribute on this claim.

The written policy of insurance between Aetna and the Salvation Army shows the policy to cover the Rapid City area. The question as to where liability lies between Aetna and Western Surety was submitted to the deputy director of Labor and Management Relations. The deputy director found that Aetna had been advised by the Salvation Army that they did not want Aetna to provide coverage for either the 1970–71 policy year or the 1971–72 policy year on the Rapid City location and that in consideration of that advice, Aetna did not charge a premium and the Salvation Army did not receive coverage for the Rapid City area.

Western Surety appealed the deputy director's decision to the circuit court of the Second Judicial Circuit. The circuit judge on appeal reversed the decision of the deputy director and ordered contribution by Aetna. That decision has now been appealed to this court.

This is a dispute between appellant, Aetna Life & Casualty Company, and respondent, Western Insurance Company, as to who is to reimburse the widow of G. William Medley. No question has been raised by the widow of the employee, who has been receiving the full amount of her entitlement, and no question is raised by the employer, Salvation Army. The employer does not dispute its liability to the claimant under the worker's compensation laws. The dispute is between the two insurers.

SDCL 62–7–12 states:

If the employer and injured employee or his representative or dependents fail to reach an agreement in regard to compensation under this title, either party may notify the commissioner and request a hearing. It shall thereupon be the duty of the commissioner to fix a time and place for such hearing and notify the parties thereof.

The circumstances here do not fall within the purview of that statute—there is no disagreement as to the right of Mrs. Medley to receive payment or the amount of payment she is entitled to.

■ This is again reinforced by SDCL 62–7–19, which provides that an appeal from the decision of the Department of Labor may be made to the circuit court by an employer or employee. No one else has that right. In the case of *Unzelman v. City of Sioux Falls*, 65 S.D. 266, 272 N.W. 825, an attorney attempted to appeal from the rul-

ing of the industrial commissioner fixing his fees. The court denied his right to appeal and in so doing said: "The right of appeal in this state is purely statutory. . . [T]his section [the predecessor of SDCL 62–7–19] grants the right of appeal only to an 'employer or employee.'" 65 S.D. at 268, 272 N.W. at 826.

SDCL 62–1–2 gives the following definition of employer:

As used in this title, unless the context otherwise plainly requires, the term 'employer' shall include the state and any municipal corporation within the state or any political subdivision of this state, and any individual, firm, association, or corporation, or the receiver or trustee of the same, or the legal representative of a deceased employer, using the service of another for pay. If the employer is insured, it shall include his insurer so far as applicable.

We conclude, however, that as used in this statute the term "employer" should not be interpreted as including appellant insurance company in the circumstances of this case.

This case came before the Department of Labor upon a petition for hearing filed by Western Surety Company. The petitioner expressly recognized its liability to claimant on its worker's compensation policy on account of the accidental death of claimant's husband. It is clear from the petition and all of the other papers before the deputy director of the Division of Labor and Management Relations that the only issue was whether Western Surety Company and Aetna Life & Casualty Company were equally liable to the claimant, or whether Western Surety Company was solely liable. That this was the sole issue was explicitly recognized by the circuit court in the statement preceding its numbered findings of fact and conclusions of law entered on the appeal from the decision of the deputy director.

■ Upon the narrow issue presented, the deputy director of the Division of Labor and Management Relations of the Department of Labor was without jurisdiction to hear and determine the petition of Western Surety, and the circuit court was without appellate jurisdiction since the issue was not cognizable under title 62, SDCL. The proper rule to be applied is set out in 4 Larson, Workmen's Compensation Law § 92.40:

The general rule appears to be that, when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy, . . . . This is, of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured.

On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack. [footnote omitted]

■ We conclude, therefore, that under our statutes the circuit court did not have jurisdiction to entertain the appeal from the deputy director's decision. This issue was not raised at any time in the pleadings, but the question of jurisdiction can be raised at any time and by the court upon its own motion. *Chizek v. Stainocher*, 60 S.D. 502, 244 N.W. 895.

The proper forum for a suit by Western Surety against Aetna is in the circuit court, which has jurisdiction to determine questions of contribution, indemnity or subrogation raised by the respective insurers.

The judgment is reversed and the case is remanded to the trial court with directions to dismiss the appeal for lack of jurisdiction.

All the Justices concur.

RAMYNKE, Circuit Judge, sitting for DUNN, C. J., disqualified.