1997 SD 37

**TRUCK INSURANCE EXCHANGE, Insurer and Appellant,**

v.

**Phyllis KUBAL, Employee,**

and

**Yankton Medical Clinic, Employer,**

and

**CNA, Insurer and Appellee,**

and

**Dodson Insurance Group/Casualty Reciprocal Exchange, Insurer and Appellee.**

No. 19693.

Supreme Court of South Dakota.

Considered on Briefs on Jan. 16, 1997.

Decided April 9, 1997.

Kristine L. Kreiter of Woods, Fuller, Shultz & Smith, Sioux Falls, for insurer and appellant Truck Insurance.

Patricia A. Meyers of Costello, Porter, Hill, Heisterkamp and Bushnell, Rapid City, for insurer and appellee CNA.

Timothy M. Gebhart, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for insurer and appellee Dodson Ins. Group/Casualty Reciprocal Exchange.

AMUNDSON, Justice.

[¶ 1.] Truck Insurance Exchange (Truck) appeals the circuit court's dismissal of its petition for lack of subject matter jurisdiction. We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶ 2.] In 1981, Phyllis Kubal (Kubal) began her employment with Yankton Medical Clinic (Clinic) in the medical records department, performing clerical duties. During her employment, Clinic changed workers' compensation insurers several times. Dodson Insurance Group (Dodson) provided coverage from October 1, 1989, to October 1, 1990; CNA provided coverage from October 1, 1990, to October 1, 1992; and Truck provided coverage from October 1, 1992, through the relevant time in question.

[¶ 3.] Prior to 1990, Kubal began experiencing pain and tingling in her hands. She eventually sought medical treatment from Dr. Neumayr in February of 1990. At this time, her complaints mainly focused on her left hand, as she is left-hand dominant. Since X-rays revealed minimal osteoarthritis in the hands, she was given medications.

[¶ 4.] During the next two years, Kubal continued experiencing tingling and numbness in her hands in addition to back discomfort. Thus, she again sought medical attention from Dr. Neumayr, who referred her to Dr. Rhoades, an orthopedic surgeon. In July of 1992, Dr. Rhoades conducted X-rays of Kubal's wrists, which disclosed degenerative changes in both metacarpal joints of the thumbs. Dr. Rhoades then performed a nerve conduction study on both hands, finding bilateral carpal tunnel syndrome.

[¶ 5.] In September of 1992, Kubal underwent left carpal tunnel surgery, with CNA paying benefits to Kubal. After a six-week recuperation period, she returned to work. Still experiencing pain in the left thumb, she visited Dr. Rhoades again. Dr. Rhoades determined that the problem with the thumbs manifested between 1990 and July of 1992, and that the repetitive motion Kubal endured during work aggravated her left thumb problem. He then referred her to Dr. Butler, an orthopedic hand specialist, who recommended a trapezium implant. In June of 1993, a left thumb trapezium implant was performed. Later, in December of 1993, Kubal received a right thumb trapezium implant.

[¶ 6.] CNA and Dodson both denied the claim for Kubal's left trapezium implant. Truck also denied liability, but entered into an agreement which allowed Kubal to obtain the necessary surgical treatment. Eventually Truck paid the costs of the surgeries, together with other benefits.

[¶ 7.] In February of 1995, Truck filed a petition for hearing before the Department of Labor (Department), seeking to recover from Dodson and CNA benefits it paid to

Kubal or, alternatively, to have these benefits apportioned among the insurers. In its answer, Dodson alleged Department lacked subject matter jurisdiction because the claim was solely a dispute among insurers.

[¶ 8.] Truck moved to strike that defense, which was granted by Department. By July of 1995, all three insurers moved for summary judgment. Department granted Truck's motion and denied CNA and Dodson's motions. Dodson appealed to the circuit court, which reversed Department and dismissed the petition for lack of jurisdiction. Truck appeals, raising the following issues:

I. Whether Department maintains subject matter jurisdiction.

II. Whether apportionment is within the province of Department.

### STANDARD OF REVIEW

[¶ 9.] As this Court previously stated in *Day* v. *John Morrell & Co.*:

The standard of review of administrative decisions in South Dakota is firmly established. This Court will overrule an agency's findings of fact only when they are clearly erroneous. The test is whether after reviewing all the evidence we are left with a definite and firm conviction that a mistake has been made. However, conclusions of law are given no deference by this Court on appeal and are freely reviewable.

490 N.W.2d 720, 723 (S.D.1992) (citations omitted).

### DECISION

[¶ 10.] **I. Subject Matter Jurisdiction.**

■ [¶ 11.] Truck contends that Department maintains jurisdiction when the question of contribution or indemnity is ancillary to the determination of issues affecting rights of compensation. The circuit court found that Truck's pleading sought indemnification and reimbursement of payments made, and requested Department "to either order the other insurers to 'repay [Truck] for all medical or other benefits paid' or 'apportion responsibility for benefits among the various Insurers.'" However, the circuit court noted that the pleadings failed to "indicate that

Employer or any insurer disputed Ms. Kubal's entitlement to benefits." Furthermore, there was no allegation that Kubal received inadequate benefits. In fact, Department determined that the sole issue to address concerned the dispute between the insurers as to payment of the benefits. Thus, the circuit court concluded that *Medley v. Salvation Army Rapid City Corps,* 267 N.W.2d 201, 202–03 (S.D.1978), directs the ultimate dismissal of this petition for lack of subject matter jurisdiction.

[¶ 12.] In *Medley,* this Court held that the circuit court lacked jurisdiction to hear the appeal from the decision of the deputy director of the Division of Labor and Management Relations of the Department of Labor. *Id.* at 203. Noting the only issue was whether two insurance companies were equally liable, we stated:

"The general rule appears to be that, when it is ancillary to the determination of the employee's right, the compensation commission has authority to pass upon a question relating to the insurance policy.... This is, of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured.

On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that he has been made to pay an undue share of an award to a claimant, the award itself not being under attack."

*Id.* (quoting 4 Larson, *Workmen's Compensation Law* § 92.40). Since the dispute among Truck, Dodson, and CNA is not ancillary to the determination of Kubal's rights, *Medley* is controlling and Department lacked jurisdiction to hear this dispute.

■ [¶ 13.] Truck additionally argues that SDCL 62–7–38 (as enacted in 1994) applies to this situation and cures the jurisdiction prob-

lem.* The record discloses that Truck failed to raise the issue of this statute's applicability to the circuit court or Department. In a litany of cases, we have noted that "issues not addressed or ruled upon by the [circuit] court will not be addressed by this Court for the first time on appeal." *Watertown v. Dakota, Minn. & E. R.R.*, 1996 SD 82, ¶ 26, 551 N.W.2d 571, 577 (citing *Keegan v. First Bank*, 519 N.W.2d 607, 615 (S.D.1994); *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 866 (S.D.1994); *Hawkins v. Peterson*, 474 N.W.2d 90, 95 (S.D.1991); *Bottum v. Herr*, 83 S.D. 542, 548, 162 N.W.2d 880, 883 (1968); *Schull Constr. Co. v. Koenig*, 80 S.D. 224, 229, 121 N.W.2d 559, 561 (1963)). The issue of the statute's applicability is therefore waived.

[¶ 14.] **II. Apportionment.**

■ [¶ 15.] Truck also argues that the issue of apportionment is covered by SDCL 62–4–29, which states:

As to an employee who before the accident for which he claims compensation was disabled and drawing compensation under the terms of this title, the compensation for each subsequent injury shall be apportioned according to the proportion of incapacity and disability caused by the respective injuries which he may have suffered.

It is contended that this statute allows Department to determine apportionment between the insurers in this case. This Court previously stated that, in construing statutes, we examine the "plain meaning and effect of the words and phrases used in the statute." *National Farmers Union v. Bang*, 516 N.W.2d 313, 316 (S.D.1994) (citing SDCL 2–14–1; *In re Petition of Famous Brands, Inc.*, 347 N.W.2d 882, 885 (S.D.1984)); *see also Sudbeck v. Dale Elecs., Inc.*, 519 N.W.2d 63, 67 (S.D.1994).

[¶ 16.] The plain language of SDCL 62–4–29, however, requires the employee to be "drawing compensation" before the "subse-

quent injury" for which he or she currently seeks compensation. Kubal admittedly was not drawing such compensation at the time of her injury. In addition, Kubal's injury cannot be characterized as "subsequent" to any other injury, as it was a continuing injury to her hands. Thus, SDCL 62–4–29 is not applicable to Kubal's situation.

[¶ 17.] We affirm.

[¶ 18.] MILLER, C.J., and KONENKAMP and GILBERTSON, JJ., concur.

[¶ 19.] SABERS, J., dissents.

SABERS, Justice (dissenting).

[¶ 20.] It seems like a complete waste of time, money, and effort to "disavow jurisdiction and send the parties to the courts for relief" in this case. Why "disavow jurisdiction" and require the case to be restarted in circuit court? After all, the case was already in the Department of Labor, which has expertise in handling workers' compensation claims and cases.

[¶ 21.] This is a relatively simple matter of apportioning liability for workers' compensation payments among insurers. The Department accepted the workers' compensation matter and it would have been over by now, but for the appeal to the circuit court.

[¶ 22.] The judicial system has too much to do to waste time on frivolous appeals involving matters which could have been *completely resolved* with the expenditure of fewer judicial resources and some common sense.

[¶ 23.] Additionally, the letter and spirit of both SDCL 62–7–38 and SDCL 62–4–29, as set forth in the majority opinion, support the prompt resolution of this apportionment dispute.

---

* SDCL 62–7–38 states:

In cases where there are multiple employers or insurers, if an employee claims an aggravation of a preexisting injury or if an injury is from cumulative trauma making the exact date of injury undeterminable, the insurer providing coverage to the employer at the time the aggravation or injury is reported shall make immediate payment of the claim until all employers and insurers agree on responsibility or the matter is appropriately adjudicated by the Department of Labor pursuant to this chapter.